## HAMILTON *v.* THE STATE.

When in the trial of a criminal case the evidence against the accused was entirely circumstantial, it was the duty of the judge not only to charge upon the law of reasonable doubt, but also, whether so requested or not, to state to the jury the rule usually applicable in such cases, to the effect that the evidence must connect the accused with the perpetration of the alleged offense, and must not only be consistent with his guilt, but inconsistent with every other reasonable hypothesis.

May 13, 1895.

Indictment for hog-stealing.   Before Judge Sweat. Camden superior court.   October term, 1894.

· Alexander A. Lawrence, for plaintiff in error.

W. G. Brantley, solicitor-general, *contra.*

Lumpkin, Justice.

We shall deal with only one of the questions made by the motion for a new trial in this case.   The evidence against the accused was entirely circumstantial, and the presiding judge failed to state the rule of law applicable in criminal cases to proof of this character. It can hardly be doubted that in every criminal case it is the duty of the judge, even without a request, to charge concerning the law of reasonable doubt.   There was no complaint that this was not done in the present case; but we think it equally clear that in a case where the State depended for conviction upon circumstantial evidence alone, it was likewise the duty of the judge, whether so requested or not, to instruct the jury, in substance, that to authorize a verdict of guilty the evidence must connect the accused with the perpetration of the alleged offense, and must not only be entirely consistent with his guilt, but inconsistent with every other reasonable hypothesis.   The failure to give some such instruction, in a close and doubtful case like the present, will entitle the accused to a new trial.   The law upon this subject is very concisely and aptly stated in the 12 Am. & Eng. Enc. of Law, p. 879, from which we make the following quotation: "Where the prosecution relies solely upon circumstantial evidence to secure a conviction, it is incumbent on the trial court to instruct the jury as to the law applicable to such proof.   No particular form of language is required; if the ideas conveyed are correct and so expressed as to meet the comprehension of the jury, it is sufficient."   And see the cases there cited. In *Barrow* v. *The State*, 80 *Ga.* 191, this court intimated

that in a case in which the court ought to instruct the jury specifically as to the law of circumstantial evidence, a failure to do so might be cause for a new trial, unless the court did in fact substantially give the jury all nec· essary instruction as to the amount and character of proof requisite in such a case to justify a conviction. That was hardly a case of purely circumstantial evidence; but on the assumption that it could be so regarded, this court thought that the charge of the trial judge, who is now the Chief Justice of this court, in effect conformed to the rule above laid down. It would be easy to cite authorities in great number sustaining the doctrine announced in the head-note, but we are sure it will be accepted as good law without further support.

*Judgment reversed.*