## ROSENTHAL *v.* THE STATE.

ATKINSON, J. 1. The record discloses that there was direct evidence tending to prove that the defendant did certain proprietary acts in furtherance of the operation and maintenance of a gaming-house. A conviction, therefore, did not depend wholly upon circumstantial evidence. In such

case it was not erroneous for the judge to refuse to charge upon the law of circumstantial evidence.   *McElroy* v. *State*, 125 *Ga.* 37; *Smith* v. *State*, Ib. 296.

2. Two defendants being jointly accused of the offense of keeping and maintaining a gaming-house, and the evidence being wholly circumstantial as to one and direct as to the other, it was not erroneous for the judge in his charge to distinguish the two, and with reference to one instruct the jury upon the law of circumstantial evidence, and with reference to the other refuse to charge the law of circumstantial evidence.   By so distinguishing, the judge did not, in this case, express any opinion prejudicial against the defendant.

3. The words, "If the defendant did anything which contributed to the maintenance or keeping of the gaming-house," fairly construed in connection with the whole charge, referred to some act of proprietorship in the keeping of a gaming-house, and it was not erroneous for the court to use such language in the instructions to the jury upon the elements of the offense.

*Judgment affirmed.   All the Justices concur.*

Argued October 16,—Decided November 7, 1906.

Indictment for misdemeanor.   Before Judge Cann.   Chatham superior court.   June 30, 1906.

*Twiggs & Oliver,* for plaintiff in error.

*W. W. Osborne, solicitor-general,* contra.