## 5640.  HART *v.* THE STATE.

1. In charging the jury in a criminal case, in which the accused has made a statement to the court and jury, failure to mention his statement, in conjunction with what is said as to a consideration of the evidence, in an instruction, that if, on consideration of "all the evidence in the case," the jury have a reasonable doubt as to his guilt, they should give him the benefit of the doubt and acquit him, is not error, when, in another part of the charge, the jury are fully and correctly instructed on the law as to their consideration of his statement, and as to their duty to acquit him if they have a reasonable doubt of his guilt.

2. The omission of an instruction to the jury on the law as to impeachment of witnesses is not error, when no timely written request for such an instruction has been made.

3. The rule, applicable where the evidence relied on to convict of a crime is wholly circumstantial, that, to warrant a conviction, the proved facts must not only be consistent with the hypothesis of the guilt of the accused, but must exclude every reasonable hypothesis save that of his guilt (Penal Code, § 1010), should not have been omitted from the instructions of the court to the jury, where, to convict the accused of cow-stealing, the State relied wholly on circumstantial evidence and on an admission, in the defendant's statement at the trial, that he slaughtered and sold the cow, which he claimed he had bought in good faith from one whom he believed to be its owner. The admission coupled with this claim was not a confession. Slaughter or sale of the cow by the accused was not direct evidence that it was stolen, but might, in connection with other facts, be a circumstance from which guilt could be inferred.

DECIDED JUNE 22, 1914.

Indictment for larceny of cow; from Bibb superior court—Judge Mathews. February 23, 1914. .

*W. D. McNeil,* for plaintiff in error.

*John P. Ross, solicitor-general,* contra.

ROAN, J.  Hart was convicted of cow-stealing, and he excepts to the overruling of his motion for a new trial. He contended that he was a butcher and bought the cow in question, in good faith, from John Owen (a witness for the State), believing that Owen was the owner of the cow. He killed and butchered the cow in a swamp, near where it was pastured, at a considerable distance from the public road, late in the afternoon, and brought the meat away in the night, and sold the hide and meat the following day, in the immediate neighborhood.

1.  One of the grounds of the motion for a new trial is that the court erred in charging the jury as follows: "If, upon considering all the evidence in this case, you have any reasonable doubt as to his

having stolen the cow, if you have any reasonable doubt but that his theory is the true theory of the case, it would be your duty to give him the benefit of that doubt and acquit him." It is insisted that the vice of this particular excerpt from the charge is in not instructing the jury that they could consider the defendant's statement as well as the testimony in determining whether or not the defendant's guilt had been established beyond a reasonable doubt. In another portion of the charge the judge did instruct the jury with reference to the prisoner's statement, and also as to the doctrine of reasonable doubt; and there was no error in charging the jury as set out in this ground. *Vaughn v. State,* 88 *Ga.* 731 (16 S. E. 64); *Washington v. State,* 87 *Ga.* 12 (13 S. E. 131); *Miller v. State,* 94 *Ga.* 1, 7-13 (21 S. E. 128); *Jordan v. State,* 130 *Ga.* 406 (60 S. E. 1063); *Early v. State,* ante, 467 (81 S. E. 385).

2. The movant contends that the court erred in not charging the jury in regard to the impeachment of witnesses. It is well settled by repeated rulings of this court, as well as of the Supreme Court, that in the absence of a timely written request to instruct the jury as to the law with reference to impeachment of witnesses, it is not error for the judge in his charge to omit all reference to this subject. *Cæsar v. State,* 127 *Ga.* 710 (57 S. E. 66); *Scott v. State,* 132 *Ga.* 357 (64 S. E. 272); *Strickland v. State,* 4 *Ga. App.* 445 (61 S. E. 841).

3. Another ground of the motion for a new trial is that the court erred in not charging the jury on the law as to the weight, force, and effect to be given to circumstantial evidence, as embodied in section 1010 of the Penal Code. For the purpose of establishing the defendant's guilt the State may rely upon either direct or circumstantial evidence, or both. In this case the State relied only on circumstantial evidence and the statement of the accused. The defendant admitted slaughtering and selling the cow, but said he had a right to do both, as he purchased and paid for it. This statement is not a confession of guilt, but is a claim of innocence. A confession is a voluntary statement, made by a person charged with the commission of a crime, wherein he acknowledges himself to be guilty of the offense charged. When a person admits a certain fact from which the jury may or may not infer guilt, there is no confession. The statement of the defendant made in this case did admit one of the essential elements necessary to

make out a case against him, but it failed to admit other essential elements necessary to complete a crime. In order to constitute a confession of guilt it was necessary for the defendant to admit every essential element necessary to make out the case against him. For him to admit one necessary element in a crime, and in the same breath to deny the existence of every other necessary element in a crime, is not an admission or confession of guilt. In this case the defendant freely and voluntarily admitted that he slaughtered the particular cow that he is charged with stealing, and sold her in the neighborhood where she was slaughtered, but in admitting these facts, he destroyed their force against him by insisting that he purchased her in good faith, believing her to be the property of the man from whom he obtained her, and that he had no intent to wrongfully and fraudulently take and steal the cow from her rightful owner. Confessions may be direct or circumstantial evidence. If they be of facts directly admitting the commission of the crime, they are direct evidence, but if the fact or facts confessed be only matter from which inference of participation arises, they are circumstantial evidence. The facts admitted by the defendant in this case are only matter from which an inference of participation arises; and there being no evidence in this case, save circumstantial evidence, on which the conviction could rest, it was the duty of the court to charge the jury on the subject of circumstantial evidence, whether requested to do so or not. *Weaver* v. *State,* 135 *Ga.* 322 (69 S. E. 488) ; *McElroy* v. *State,* 125 *Ga.* 37 (53 S. E. 759) ; *Jones* v. *State,* 105 *Ga.* 649 (31 S. E. 574) ; *Thomas* v. *State,* 8 *Ga. App.* 95 (63 S. E. 522) ; *Twilley* v. *State,* 9 *Ga. App.* 435 (71 S. E. 587). The failure of the court to charge the jury the law of circumstantial evidence is the only error that we have discovered in the trial of this case. On account of that error a new trial must be granted.

*Judgment reversed.*