## ANDREWS *v.* THE STATE.

HILL, J.   1.  If the definition of justifiable homicide, stated by the trial judge in his charge as applicable to this case, standing alone would be subject to any criticism made thereon, when taken in connection with the entire charge it was not subject to such criticism.

2. The charge, when taken as a whole, does not exclude from the jury the consideration of any defense which under the evidence the accused was entitled to have submitted to them.

3. The charges based on the theory of conspiracy between the accused and his brother were warranted by the evidence, and none of the charges on this subject which were complained of were open to the objections made to them.

4. This case depended entirely on circumstantial evidence, and the exception that the court omitted to charge the rule applicable to a case of that character is well founded; and such omission will require the grant of a new trial, although the court was not requested to so charge. *Weaver* v. *State*, 135 *Ga.* 317 (69 S. E. 488), and authorities there cited.

5. There being evidence tending to show that the accused and his brother were engaged in a conspiracy against the person who was subsequently killed, it was not error to admit testimony to the effect that some two weeks prior to the homicide the accused and his brother came to the house of the deceased at night, the accused called him out, and the three went a short distance away to the store of the deceased, and while they were there a lumbering sound was heard as if something had fallen, the homicide having taken place in the store at night about two weeks later. If this evidence was of doubtful admissibility, its admission was not such error, if error at all, as to require a reversal.

*Judgment reversed. All the Justices concur.*

LUMPKIN, J., specially concurring. I concur in the judgment; but I do not assent to the proposition that it is an invariable rule that in all cases depending upon circumstantial evidence an omission to charge the rule on that subject, stated in the Penal Code, § 1010, will require a new trial. Penal Code (1910), §§ 1010, 1013; *Barrow* v. *State*, 80 *Ga.* 191 (3), 193 (5 S. E. 64); *Hamilton* v. *State*, 96 *Ga.* 301 (22 S. E. 528); *McElroy* v. *State*, 125 *Ga.* 37 (2), 39 (53 S. E. 759). In the present case I think such failure furnishes ground for a new trial.

MARCH 16, 1916.

Indictment for murder.   Before Judge Worrill.   Miller superior court.   December 30, 1915.

*W. I. Geer,* for plaintiff in error.   *Clifford Walker, attorney-general, B. T. Castellow, solicitor-general, R. R. Arnold, N. L. Stapleton, P. D. Rich,* and *Mark Bolding,* contra.