### 7651.  HARRIS *v.* THE STATE.

1. Failure to charge the jury on the law of circumstantial evidence was error requiring a new trial, the conviction of the accused being dependent entirely upon such evidence.
2. On the trial of one charged with larceny, his recent unexplained possession of the stolen goods is a circumstance to be considered by the jury, but does not raise a presumption of law that he is guilty of the theft.

DECIDED OCTOBER 24, 1916.

Indictment for larceny; from Charlton superior court—Judge Summerall.  May 22, 1916.

*James R. Thomas,* for plaintiff in error.

*M. D. Dickerson,* solicitor-general, *Wilson & Bennett,* contra.

HODGES, J.  1.  The testimony of the prosecutrix and other witnesses sufficiently identified the hogs alleged to have been stolen, and showed that the accused was in possession of the hogs and sold them.  The accused denied the accusation and contended that the hogs sold by him belonged to his wife.  He was convicted, his motion for new trial was overruled, and he excepts.

Admitting the evidence for the State to be probably true, the only evidence connecting the accused with the larceny was the circumstance that he sold certain hogs which the prosecutrix claimed were stolen.  The presiding judge failed to instruct the jury on the law of circumstantial evidence; and this is complained of in the motion for a new trial.  It is settled in this State by many decisions of the Supreme Court and of this court that such failure on the part of the trial judge requires a new trial, in a case depending entirely on circumstantial evidence.  In *Hamilton* v. *State,* 96 *Ga.* 301 (22 S. E. 528), it was held that in the trial of a criminal case where the evidence was entirely circumstantial, it was the duty of the judge not only to charge upon the doctrine of reasonable doubt, but also, whether requested or not, to state to the jury the rule usually applicable in such cases, to the effect that the evidence must connect the defendant with the perpetration of the crime, and must not only be consistent with his guilt, but inconsistent with every other reasonable hypothesis than that of his guilt.  In *McElroy* v. *State,* 125 *Ga.* 37, 39 (53 S. E. 759), it was said:  "The court did not charge the jury on the subject of circumstantial evidence, and the omission to do so is made a ground of the motion for a new trial.  Generally, in cases where the prose-

cution relies exclusively upon circumstantial evidence for a conviction, it is the duty of the judge not only to charge upon the law of reasonable doubt, but also, whether so requested or not, to state to the jury the rule of law applicable in such cases, to the effect that the evidence must connect the accused with the perpetration of the alleged offense, and must not only be consistent with his guilt but inconsistent with every other reasonable hypothesis." This court held in *Riley* v. *State,* 1 *Ga. App.* 651 (57 S. E. 1031), that in a criminal case in which the guilt of the defendant is dependent entirely on circumstantial evidence, the jury should be instructed that if the proved facts are consistent with innocence, the accused is entitled to a verdict of not guilty. In *White* v. *State,* 4 *Ga. App.* 72 (60 S. E. 803), it was held: "Where the prosecution relies exclusively upon circumstantial evidence for a conviction, it is the duty of the trial judge, whether so requested or not, to instruct the jury on the rule of law applicable to such evidence as laid down in section 984 of the Penal Code" of 1895 (Penal Code of 1910, § 1010). This rule is approved in the case of *Middleton* v. *State,* 7 *Ga. App.* 1, 2 (66 S. E. 22). In *Martin* v. *State,* 17 *Ga. App.* 516 (87 S. E. 715), it was said: "The guilt or innocence of the accused in this case depended entirely upon circumstantial evidence, and it was therefore obligatory upon the trial judge, even in the absence of a timely written request, to charge the jury as to the force and effect of circumstantial evidence in criminal cases." In the *Martin* case, supra, the court cited the case of *Weaver* v. *State,* 135 *Ga.* 317, 320 (69 S. E. 488), in which the Supreme Court said: "On the trial of a criminal case, where a conviction depends entirely upon circumstantial evidence, it is the duty of the judge, whether so requested or not, to give in charge to the jury the principles of law by which the weight of the circumstances is to be determined, and under what circumstances a conviction on circumstantial evidence is warranted. *Jones* v. *State,* 105 *Ga.* 649 (31 S. E. 574); *Hamilton* v. *State,* 96 *Ga.* 301 (22 S. E. 528); *McElroy* v. *State,* 125 *Ga.* 37 (53 S. E. 759); *Smith* v. *State,* 125 *Ga.* 296 (54 S. E. 127). In the two latter cases it was held that where there was evidence of a corroborated confession of the accused, the conviction would not depend entirely upon the circumstantial evidence which was involved in those cases, and in the absence of a request a new trial would not be re-

quired on account of the failure of the judge to charge upon the law of circumstantial evidence." In the instant case there was no confession. On the contrary, the accused insisted that the hogs were the property of his wife and he had not stolen them. See also *Gantz* v. *State,* ante, 154.

As the case against the accused depended entirely on circumstantial evidence, the failure of the court to charge on the law of circumstantial evidence requires a new trial, under the authorities cited supra. The law should be an exact science, and this court will aid in making it exact by following precedents binding upon it. "Whether dependent upon direct or circumstantial evidence, the true test in criminal cases is, not whether it be possible that the conclusion at which the evidence points may be false, but whether there is sufficient evidence to satisfy the mind and conscience beyond a reasonable doubt." Penal Code, § 1013. The evidence in this case satisfied the mind and the conscience of the jury beyond a reasonable doubt; and yet the law required that the judge should give instructions on the weight, force, and credit to be given to circumstantial evidence. Regardless of the opinion of the writer, judges should always bear in mind, "judex est custos, non conditor, juris judicia exercere potuit, facere leges non potest."

2. Recent possession of stolen goods, unexplained, is a strong circumstance to be considered by the jury, but raises no presumption of guilt as a matter of law (*Griffin* v. *State,* 86 *Ga.* 258 (4), 12 S. E. 409; *Gravitt* v. *State,* 114 *Ga.* 841, 40 S. E. 1003; *Cuthbert* v. *State,* 3 *Ga. App.* 600, 60 S. E. 322) ; and where it is the only incriminating matter, the presiding judge, under the rulings in this State should give in charge the law of circumstantial evidence, whether requested to do so or not.

For the reasons set forth above, the judge erred in refusing to grant a new trial.                    *Judgment reversed.*