### 8483.  KINARD v. THE STATE.

GEORGE, J.  1.  "On the trial of a criminal case, where the conviction depends entirely upon circumstantial evidence, it is the duty of the judge, whether requested or not, to give in charge to the jury the principles

of law by which the weight of the circumstances is to be determined and under what circumstances a conviction on circumstantial evidence is warranted." This rule has been often recognized and applied. *Weaver* v. *State,* 135 *Ga.* 317, 320 (69 S. E. 488); *Hamilton* v. *State,* 96 *Ga.* 301 (22 S. E. 528); *McElroy* v. *State,* 125 *Ga.* 39 (53 S. E. 759); *Smith* v. *State,* 125 *Ga.* 296 (54 S. E. 127); *Hart* v. *State,* 14 *Ga. App.* 714 (82 S. E. 164); *Harden* v. *State,* 13 *Ga. App.* 34 (2) (78 S. E. 681); *Harris* v. *State,* 18 *Ga. App.* 710 (90 S. E. 370), and cases there cited.

2. "The recent possession of stolen goods, unexplained, is a strong circumstance to be considered by the jury, but raises no presumption of guilt as a matter of law." *Griffin* v. *State,* 86 *Ga.* 257 (12 S. E. 409); *Harris* v. *State,* supra. In a case of larceny from the house, the recent possession of the stolen goods, unexplained to the satisfaction of the jury, is a circumstance from which the jury may infer the guilt of the party in whose possession the goods are found, but whether the jury should draw the inference from such circumstances is a matter entirely for them. *Barlow* v. *State,* 17 *Ga. App.* 728 (88 S. E. 212).

3. An incriminatory admission is not a confession of guilt, but is only a circumstance from which guilt may be inferred. A confession is direct evidence, but incriminatory admissions can logically be considered as indirect or circumstantial evidence only. In the instant case the evidence is sufficient to warrant the jury in inferring the guilt of the accused, but since the case depended entirely upon indirect evidence, the failure to give in charge to the jury the law of circumstantial evidence as embraced in section 1010 of the Penal Code of 1910 requires a reversal of the judgment of the trial court.

*Judgment reversed. Wade, C. J., and Luke, J., concur.*

DECIDED MARCH 23, 1917.

Accusation of larceny; from city court of Nashville—Judge Christian. January 20, 1917.

*J. C. Smith, William Story,* for plaintiff in error.