## MITCHELL *v.* THE STATE.

1. Motions for a continuance are addressed to the sound legal discretion of the court. In the present case it does not appear that the judge abused his discretion in overruling the motion.

2. The omission to give in charge, in the absence of a request, the law of circumstantial evidence as contained in the Penal Code (1910), § 1010, was not cause for a new trial, as the evidence for the State tending to show the guilt of the accused was not wholly circumstantial.

3. The evidence authorized the verdict.

No. 2448.   APRIL 15, 1921.

Indictment for murder. . Before Judge Terrell. Muscogee superior court. December 31, 1920.

*J. B. Hoyl* and *John F. Terry,* for plaintiff in error.

*R. A. Denny,* attorney-general, *C. F. McLaughlin,* solicitor-general, and *Graham Wright,* contra.

BECK, P. J.   Darby Mitchell was tried for the murder of Jack Wright; and the jury trying the case returned a verdict of guilty, with a recommendation. A motion for a new trial was made and overruled. The defendant excepted.

1. The original motion for a new trial contained the usual general grounds; and the defendant filed an amendment to the motion, in the first ground of which error is assigned upon the judgment of the court refusing a continuance. The showing upon this motion was insufficient in respect both to the service of the subpœna requiring the witness to be present at the trial, and as to the probability of securing the attendance of the witness at the trial in case a continuance was granted. While the defendant did testify that the subpœna had been served upon the alleged absent witness, it did not appear that he was subpœnaed to attend the trial in the superior court, but rather that the subpœna was

issued requiring the presence of the witness at the commitment trial. The absent witness was himself implicated in the crime with which the defendant was charged, and the showing as to any probability of locating the witness or having him present at the trial in case the motion for a continuance should be granted was vague, doubtful, and unsatisfactory; and there was no abuse of discretion on the part of the trial judge in overruling the motion.

2. There is no merit in the ground of the motion complaining of the failure of the court to charge the jury upon the law of circumstantial evidence. There was no written request to charge upon this subject, and the case was not entirely based upon circumstantial evidence. Where a conviction does not depend entirely upon circumstantial evidence, it is not erroneous to omit instructions on that subject. *Toliver* v. *State,* 138 *Ga.* 138 (74 S. E. 1000); *Brannon* v. *State,* 140 *Ga.* 787 (80 S. E. 7).

3. The evidence authorized the verdict, and there was no error in refusing a new trial.

<em>Judgment affirmed. All the Justices concur.</em>