*A. J. & J. C. McDonald,* contra.

---

### 15075.   WALKER *v.* THE STATE.

LUKE, J. In a prosecution for burglary or for larceny from the house, or both, where the only evidence tending to connect the accused with the alleged offense is his unsatisfactorily explained possession of the recently stolen goods, the judge's failure to give in charge to the jury, either with or without request, the provisions of section 1010 of the Penal Code (1910) as to the weight of circumstantial evidence, is error

requiring the grant of a new trial, even though such evidence, together with proof of the corpus delicti, will sustain a conviction if based on proper instructions. *Kinard* v. *State*, 19 *Ga. App.* 624; (91 S. E. 941); *Harris* v. *State*, 18 *Ga. App.* 710 (90 S. E. 370). The court having failed to charge the law of circumstantial evidence, it was error to overrule the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED JANUARY 15, 1924.

Indictment for burglary; from Fulton superior court—Judge Irwin presiding. September 21, 1923.

*Branch & Howard, James A. Miller,* for plaintiff in error.

*John A. Boykin, solicitor-general, E. A. Stephens, R. H. Pharr,* contra.

