### 16924. GAY et al. v. THE STATE.

Where the evidence upon which the State mainly relied for a conviction of the offense of larceny from the house, and without which there could have been no legal conviction, consisted of proof of possession by the accused of goods alleged to have been stolen, and there was an explanation by the defendants of their possession, which, if true, was consistent with their innocence, the failure by the court to submit to the jury the question whether that explanation was reasonable and satisfactory is cause for a new trial. *Mayfield* v. *State*, 17 *Ga. App.* 115 (86 S. E. 284), and cases cited.

DECIDED MARCH 2, 1926.

Conviction of larceny from house; from Colquitt superior court —Judge W. E. Thomas. October 16, 1925.

*James L. Dowling*, for plaintiff in error.

*Clifford E. Hay, solicitor-general*, contra.

LUKE, J. The defendants in this case were indicted for the offense of larceny. The State's case depended for a conviction

Criminal Law, 16 C. J. p. 1151, n. 5.

upon proof of recent possession of the articles stolen by the defendants. The court failed to submit to the jury the question whether the explanation offered by the defendants of their possession of the goods was reasonable and satisfactory. Error is assigned by the defendants upon the court's failure so to charge. Under the rulings of this court and of the Supreme Court a reversal of the judgment overruling the motion for a new trial necessarily follows.

*Judgment reversed.* *Broyles, C. J., and Bloodworth, J., concur.*