CRUMADY *v*. THE STATE.

No. 7045.   APRIL 13, 1929.

458

460.

*Hoyt H. Whelchel* and *W. G. Marlin,* for plaintiff in error.

*George M. Napier, altorney-general, G. C. Spurlin, solicitor-general, T. R. Gress, assistant altorney-general,* and *John T. Coyle,* contra.

HINES, J. (After stating the foregoing facts.)

It is urged by counsel for defendant that a new trial should be granted, because the court should have given, without request, in substance this instruction to the jury: "Recent unexplained possession of the fruits of a crime is a circumstance to be considered by the jury in passing upon the guilt or innocence of defendant, and it may authorize a conviction, if with the other circumstances of the case the jury are convinced of the defendant's guilt beyond a

reasonable doubt; but if such possession is reasonably and satisfactorily explained, and it is consistent with the theory of defendant's innocence, it should not be considered against him, and he should be acquitted if the other evidence in the case does not carry conviction to the minds of the jury of defendant's guilt." The defendant contends that the failure to so charge the jury was erroneous, because (a) such instruction was demanded, independently of any request therefor; and (b) because the evidence relied on by the State for a conviction was entirely circumstantial, and the possession by the defendant, about three months after the alleged homicide, of certain clothes, claimed by the State to have been in the store when the deceased met his death, was a material circumstance relied on by the State for conviction, which possession the defendant in his statement to the jury explained by saying that he had purchased these clothes from a peddler in or near Norman Park, Georgia.

In the outset it is well to consider the cases relied on by counsel for the defendant to sustain his position that the omission of the judge to give the above instruction requires the grant of a new trial. In *Tarver* v. *State*, 95 *Ga.* 222 (21 S. E. 281), this court dealt with an instruction relating to the possession of stolen goods as a circumstance sufficient, when taken in connection with other facts in evidence, to authorize a conviction. The instruction failed to refer to the element of the recency of the possession of the stolen goods, and of an explanation of the possession of the goods given by the defendant, which explanation was consistent with his innocence. This court held that the entire failure of the court, in its instruction upon the subject of possession of the goods stolen, to submit to the jury the question whether or not that explanation was reasonable and satisfactory was cause for a new trial. Here this court was dealing with an imperfect charge upon the subject of the possession of stolen goods, and the failure of the court in such instruction to submit to the jury the question whether or not the explanation given by the defendant of his possesion was reasonable and satisfactory. In *Young* v. *State*, 95 *Ga.* 456 (20 S. E. 270), this court held that "In charging the jury upon the law with reference to the possession of stolen property by one accused of the theft, the court should use the word 'recent.'" In that case, however, the court further held that "The omission to do so is not

cause for new trial in a particular case, where it affirmatively appears that the possession in question was in fact a recent one." In *Sharpe* v. *State*, 105 *Ga*. 588 (31 S. E. 541), this court was dealing with a charge relating to the possession of stolen goods by the accused as a circumstance tending to show guilt, in which the trial judge omitted any reference to the recency of the possession by the accused of the stolen goods. In that case this court reversed the judgment for this inaccuracy in the charge, upon the ground that the evidence, at best, made a weak case against the accused. In *Jones* v. *State*, 105 *Ga*. 649 (31 S. E. 574), the trial court omitted to give in charge to the jury the principle of law by which the weight of the possession of stolen goods is to be determined in ascertaining guilt, and under what circumstances a conviction on circumstantial evidence is warranted. Yet, in the face of both of these omissions, this court refused to reverse the judgment of the lower court denying to the accused a new trial. This refusal was based upon the ground that the defendant's account of his possession of the stolen goods was unsatisfactory, and was entirely insufficient to rebut the presumption raised by his possession; and because the charge of the court, saving the two important omissions referred to, was full and complete, the jury being properly instructed as to the weight they could give to the statement of the defendant; and the law touching reasonable doubts was fully explained. It is true in that case it was said that these two omissions would have required a different result "if the evidence made the case close or doubtful, or if the account given of the manner in which the possession of the stolen goods was obtained was probable, or consistent."

Counsel for the defendant relies mainly upon the failure of the trial judge to leave to the jury the determination of the question whether the explanation given by the defendant of his possession of the stolen goods was reasonable or satisfactory. The explanation of the possession of these goods rests wholly upon the statement of the defendant to the jury. He introduced no evidence to explain his possession. The general tenor of the charge of the court should be shaped by the evidence alone, and the law applicable thereto, adding, or at some stage of the charge including, the statutory provisions touching the prisoner's statement, and, in case of special requests to charge on the statement of defendant, grant-

ing such requests if the matter requested be applicable. *Vaughn* v. *State*, 88· *Ga.* 731 (4) (16 S. E. 64); *Rouse* v. *State*, 136 *Ga.* 356 (5) (71 S. E. 667); *Fry* v. *State*, 141 *Ga.* 789 (3) (82 S. E. 135); *Lucas* v. *State*, 146 *Ga.* 315 (11), 331 (91 S. E. 72). This court has held in many cases that the failure of the trial judge to give appropriate instructions relating to a theory of defense resting upon the statement of the defendant alone does not require a grant of a new trial, in the absence of a proper request for such instruction. *Austin* v. *State*, 160 *Ga.* 509 (128 S. E. 791); *Lightfoot* v. *State*, 160 *Ga.* 512 (128 S. E. 743); *Jackson* v. *State*, 160 *Ga.* 565 (128 S. E. 679); *Gore* v. *State*, 162 *Ga.* 267 (134 S. E. 36). It has been held by this court in many cases, that, where the conviction depends upon circumstantial evidence alone, it is error for the court to fail to charge the rule applicable to the sufficiency of circumstantial evidence to authorize a conviction. *Hamilton* v. *State*, 96 *Ga.* 301 (22 S. E. 528); *Weaver* v. *State*, 135 *Ga.* 317 (2) (69 S. E. 488); *Collier* v. *State*, 154 *Ga.* 68, 78 (113 S. E. 213). In many cases we have held that the rule is otherwise when the case is a compound of direct and circumstantial evidence, and does not rest upon circumstantial evidence alone. In such cases there must be a request to charge upon this subject. *McElroy* v. *State*, 125 *Ga.* 37 (53 S. E. 759); *Nobles* v. *State*, 127 *Ga.* 212 (56 S. E. 125); *Brannon* v. *State*, 140 *Ga.* 787 (7) (80 S. E. 7); *Cantrell* v. *State*, 141 *Ga.* 98 (7) (80 S. E. 649); *Mitchell* v. *State*, 151 *Ga.* 450 (107 S. E. 43); *Collier* v. *State*, supra.

Upon like principle these rulings should apply in cases where the possession of stolen goods is relied upon for conviction. If the conviction rests solely upon the possession of stolen goods, then the court should give an appropriate instruction respecting the weight to be given such possession, whether requested or not; but when the conviction rests both upon proof of such possession and upon other circumstances tending to establish the guilt of the accused, then the failure of the court to give appropriate instruction respecting the weight to be given to proof of the possession of stolen goods will not, in the absence of a request, require the grant of a new trial. This rule was applied by the Court of Appeals in *Morris* v. *State*, 5 *Ga. App.* 300 (63 S. E. 26), in which that court held: "Where one was on trial for the offense of larceny, and the only

evidence relied upon by the State was the inference of guilt which arose from the possession of the recently stolen property, and the defendant met this inference with an explanation of that possession, which, if true, was consistent with his innocence, it was the duty of the court, without a request, to submit to the jury the question whether that explanation was reasonable and satisfactory; and an entire failure to charge as to the evidentiary value of the possession when weighed in connection with the explanation is cause for a new trial." In *Mayfield* v. *State*, 17 *Ga. App.* 115 (86 S. E. 284), and in *Gay* v. *State*, 35 *Ga. App.* 165 (132 S. E. 261), that court extended the principle to cases where the evidence upon which the State relied mainly for a conviction, and without which there could have been no legal conviction, consisted of proof of possession by the accused of goods alleged to have been stolen, and there was an explanation by defendant of his possession, which, if true, was consistent with his innocence; and it was held that the failure by the court to submit to the jury the question whether that explanation was reasonable and satisfactory requires a new trial. It does not appear from the report of those cases whether the explanation of the possession of the stolen goods rested alone upon the statements of the defendants therein, and not upon evidence given by witnesses in the case.

Besides, the account given by the defendant in his statement of his possession of these goods was unsatisfactory. He did not give the date when he received these goods, nor did it appear whether his possesion was recent or not. It appears from his statement that there were other witnesses by whom he could probably show the manner in which he got possession of these goods, and by whom he could certainly show important circumstances attending his alleged purchase of this property; and they were not produced, nor was their absence accounted for. The defendant seems to have known the peddler from whom he stated he bought these goods, as he gave his name, but he did not vouchsafe any information by which the peddler could be located. The court fully and clearly charged the jury the presumption in favor of the innocence of the defendant, the law of reasonable doubt, the statutory provisions referring to the weight to be given by the jury to his statement, and the circumstances under which the jury would be justified in convicting the defendant upon circumstantial evidence. As we shall under-

take to show, the verdict was authorized by the evidence. Under the circumstances narrated above, we do not think that the failure of the court to give to the jury the instruction which the defendant insists should have been given requires the grant of a new trial.

■ In the second special ground of the motion the defendant insists that the trial judge erred in propounding certain questions to R. D. Burt, the father of the deceased, who testified as a witness for the State. These questions and the answers thereto were as follows: "Q. The pants you point out there that you say Charlie got at Pearson were the pants he had on when you left him in the store that was burned? A. Them is the pants that he wore off that night and wore when he come back. Q. You say these were the only pants he had in the store? A. Yes sir, in the store. This other boy, Freeman, lived in the house, these two. Q. Freeman wasn't there that night? A. No. Q. His wife wasn't there that night? A. No. Q. And this boy who was killed you say was the only person in the store? A. The only one in the store when I left there. Q. He had on these pants there [indicating] that were brought from Pearson? A. Yes sir. Q. You say these were the only ones he had in the house? A. Yes sir, in the house." The defendant insists that the trial judge erred in said examination, for the reason that he unduly emphasized the identity of the pants offered in evidence with the pants which the deceased had on only shortly before he was killed, and that by such emphasis the jury was warranted in giving undue weight to the defendant's possession of the pants, regardless of any explanation he might offer touching such possession. We think this assignment of error is without merit. In this examination the judge propounded to this witness the following question and elicited the following answer: "Q. And this boy who was killed you say was the only person in the store? A. The only one in the store when I left there."

The defendant insists that the judge, in propounding to this witness the above question, erred for the reasons (a) that it assumes that the remains found in the ashes on the morning of the fire were the remains of a human being; (b) that the remains found in the ashes of the burned store were the remains of a "boy;" (c) that the court assumed as a fact that George Burt had been killed, when the witness had not testified to such fact; (d) that the

question was so framed as to intimate an opinion of the court upon the proved facts, that is, that the charred remains found in the ashes of the burned store were the remains of a boy; and (e) that the question propounded assumed that the corpus delicti had been established.

A presiding judge may ask questions of a witness on the stand, but he should not by the form or manner of his examination discredit a witness, or express or intimate any opinion upon what has been proved, or assume as true any disputed fact in the case. *Harris* v. *State,* 61 *Ga.* 359; *Hubbard* v. *State,* 108 *Ga.* 786 (33 S. E. 814); *Potter* v. *State,* 117 *Ga.* 693 (45 S. E. 37); *Grant* v. *State,* 122 *Ga.* 740, 748 (50 S. E. 946). Did the question propounded by the presiding judge infringe this rule? Under the evidence there can be no reasonable dispute about the fact that the remains found in the ashes of the burned store were those of a human being, that these remains were those of the boy of the witness, and that he had been killed. In these circumstances the presiding judge might have propounded a question in which the existence of these facts was assumed. This question did not assume that the defendant was the slayer, or that the homicide was a felonious one, or that the corpus delicti had been proved. So the question did not invade the province of the jury, and this examination of this witness does not require the grant of a new trial.

■ Does the evidence authorize the verdict? The accused was familiar with the premises, having worked on the public road which ran in front of the burned store. The evidence is sufficient to authorize a finding that the deceased was robbed and was killed, and the store burned to conceal the robbery. Was the evidence sufficient to show that the defendant committed the robbery, and that he killed the deceased and burned the store to conceal the robbery? On the night of the homicide the defendant procured the owner or operator of an automobile to take him from Norman Park to Moultrie, and from Moultrie to this store. They passed the store. The automobile was stopped several hundred yards beyond the store. The defendant got out and went back in the direction of the store. He was gone about half an hour. He then returned to the automobile and said he was ready to go. The automobile turned back and again passed the store. As it passed the store the occupants discovered that the store was on fire. It was suggested that they

stop and see about the fire. The defendant objected to this, and said, "Don't stop here; these people will think we done it and put us in the penitentiary." The store was burned between about 3 a. m. and daylight on the morning of October 6, 1928. At the earlier hour the deceased was left in the store alone by his father, and intended to spend the remainder of the night there. At that time he wore a pair of pants which was subsequently found in the possession of the defendant. These pants came into the possession of the father about three months after the store was burned. The defendant, in his statement to the jury, admitted that he had these pants in his possession, and other articles of apparel belonging to a brother of the deceased and shown to have been in this store on Thursday before it was burned on Saturday night. The defendant did not state when he received this pair of pants and these other articles, or how long it was after the store was burned before he received them. He undertook to explain his possession of them by telling the jury that he bought them from a man by the name of George Thompson, who was a peddler of clothing. He apparently knew this peddler, if such person existed, but he gave no clue to his place of residence, or the territory in which he operated, or any means by which he could be located. The jury was authorized to disregard his explanation of his possession of these goods. There was also in this store, just before it was burned, a white sack which belonged to the wife of the brother of the deceased. Whoever got these articles from that burned store got them by larceny from the house or by robbery. The jury was authorized to find that, immediately after the larceny or robbery, goods taken from that store were found in the possession of the defendant. On the night the store was burned the defendant and his companions traveled several hundred yards past this store. After he passed it he had the automobile in which he was traveling to stop. He got out and went back in the direction of the store. He was gone about half an hour. When he returned, the automobile with the defendant and other occupants in it turned around and was driven past the store. The store was discovered on fire by these occupants, and they suggested that they stop and see about the fire. The defendant objected to stopping, saying that if they were found there they would be charged with the burning of the store and put in the penitentiary. The automobile was driven on, and the defendant

was taken back to Norman Park. When he got out of the car he had a white sack with something in it, but the occupants of the car could not tell what was in it. On this occasion the defendant had a pistol.

In these circumstances the jury was authorized to find the defendant guilty, if nothing further appeared from the evidence to show that he was not guilty or to create a reasonable doubt of his guilt. It is suggested that the evidence fails to show that the remains found in the ashes of the store were those of the person alleged to have been murdered. The identification of these remains as those of the deceased could be shown by circumstantial evidence. A few hours before the store was burned the deceased was left alone in this store, intending to spend the night there. This was between 3 a. m. and daybreak. No one was left in the store with the deceased. The remains of part of a human being were found in the smouldering ashes. The jury was authorized to find from these facts that these remains were those of the only person which the evidence tended to show was in the store at the time it was burned. It is further suggested that the law presumes that every fire was accidental, and that there is nothing in the evidence to show the contrary. At 3 a. m. in the morning the father left the deceased in this store. At that time the deceased wore a pair of pants which were afterwards found in the possession of the defendant. If this fire had been accidental, these pants would have been burned. We would be confronted with a marvelous situation, if this fire was accidental, and the pants which the deceased wore shortly before the fire, and which must have been in the store then if not on his person, had escaped being burned, when everything else in the store was consumed by the fire, and the body of the deceased so burned as to be incapable of direct identification. It would be still more unreasonable to assume that this was an accidental fire when these pants and other articles in the store when or shortly before it was burned were afterwards found in the possession of the defendant without being scorched or burned, and even without the smell of fire. So it can not be reasonably contended that the deceased, being drunk, set the store on fire, and thus brought about his own death. We can not hold that the jury were not authorized to find that the fire was not accidental; and we can not say that they were not justified in finding that the defend-

ant robbed the deceased, killed him, and burned the store to conceal his crime. The evidence authorized the verdict.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*