### 25158. WALKER *v.* THE STATE.

DECIDED NOVEMBER 13, 1935.

*A. S. McQueen, W. A. Wood, H. F. Rawls,* for plaintiff in error.
*John S. Gibson, solicitor-general,* contra.

MACINTYRE, J. Ivey Walker was indicted in Brantley County, on November 29, 1934, for an assault with intent to murder. He was arraigned on June 5, 1935, and on June 6, 1935, the jury returned a verdict of guilty, without recommendation. Counsel for the plaintiff in error state in their brief that "the sole, only assignment of error" is that "the court committed error in denying said motion and in not granting a continuance of the case until next term of court, on account of the absence of the material witness, Levy Crews."

1. When the case was called for trial the accused moved for a continuance because of the absence of Levy Crews, a material witness. The showing is as follows: "My main witness is not here, one of them, Levy Crews. I expect to prove by him that he was out there and seen him hit me over the head with a pair of knucks before he was cut. Levy Crews lives in Charlton County [the alleged crime was committed in Brantley County], back out this

way from Winokur. This motion is not made for the purpose of delay, but for the purpose of getting my witness here. I expect to have him here at the next term of court. He has been sub-pœnaed." —Cross-examination: "I had him summoned a month before court. I think the sheriff served him. I reckon he did. I give them to him. I give them to Morris Highsmith, and he was to turn them over to the sheriff. I got them from Morris High-smith. For Levy Crews. I say he hit me with a pair of knucks before I cut him. He hit me right up here. I can prove he hit me by Levy Crews. I can prove it by Ernest Smith, too. I got him summoned. He is here. He says he saw him hit me the same as Levy." By the court: "You can prove the same thing by Ernest Smith you can by Levy Crews?". A. "That's what they said." The court: "I think we had better go ahead with it, gentlemen." Mr. Wood: "Our position is, if your honor please, and the courts have held this—they held this in a case that went up from Appling County, that a defendant is entitled to all of his witnesses, regardless of how many witnesses will testify to a fact." By the court: "Where is this Levy Crews at?" Mr. Wood: "He lives at Winokur, just this side." Defendant Ivey Walker: "I don't know what is the matter he aint here. I have not see him here at court. I was here Monday, and this is Wednesday after-noon. I didn't see him here Monday. I have made no effort to get him here since I knew he was not here Monday. I have not sent anybody out to see him, or undertook to get an attachment, or anything like that. I have been here at court three days." On the same day, June 5, an attachment for the witness was issued. An officer went to the home of the father of the witness, in which home the witness resided, and was unable to serve the attachment. The father of the witness stated that he would have the witness in court the next morning. The witness did not appear in the court, as stated. The trial proceeded and was finally terminated on June 6.

"All applications for continuances are addressed to the sound legal discretion of the court, and, if not expressly provided for, should be granted or refused as the ends of justice may require." Code of 1933, § 81-1419. The motion for continuance was at least insufficient in that the showing as to the service of the subpœna on the absent witness was vague, doubtful, and unsatisfactory. As to

whether the sheriff had served the witness or whether the subpœnas had been turned over to the sheriff for the purpose of such service, the defendant testified, on direct examination, that the witness· "has been subpœnaed." Yet on cross-examination the defendant testified: "I had him summoned a month before court. I think the sheriff served him. I reckon he did. I give them to him. I give them to Morris Highsmith, and he was to turn them over to the sheriff. I got them from Morris Highsmith. For Levy Crews." Neither Morris Highsmith nor the sheriff was put on the stand to testify whether the subpœna was served or even delivered to the sheriff for service. Moreover, it should be noted that the witness did not reside in the county where the case was pending. The motion to continue, based on the absence of the witness, did not comply with the requirements of the Code of 1933, § 81-1410, and we can not say that the court abused its discretion in refusing to continue the case. *Bellamy* v. *State*, 23 *Ga. App.* 19 (97 S. E. 276); *Coleman* v. *State*, 141 *Ga.* 737 (2) (82 S. E. 227); *Smith* v. *State*, 170 *Ga.* 234 (152 S. E. 482); *Mitchell* v. *State*, 151 *Ga.* 450 (107 S. E. 43); *Minder* v. *State*, 113 *Ga.* 772 (39 S. E. 284); *Johnson* v. *State*, 155 *Ga.* 509 (117 S. E. 434).

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*