## BLOCKER v. THE STATE.

JENKINS, Justice. 1. The verdict of murder with a recommendation to mercy was sustained by evidence of the wife of the deceased, that he and the defendant were shooting dice back of a house while she was in the house; that when she heard a pistol shot and ran out, she found her husband on the ground, shot; that there was no pistol in his hands or near him; that he did not have a pistol, and his knife was in his pocket; that the defendant "was standing there by the corner of the house and [her] husband was down on his all-fours;" and by the admission of the defendant in his statement to the jury that he and the deceased shot dice "until [the deceased] got broke;" that "when he got broke, he sot there a while, and then he said '[with profane words] I am going to kill you or get my money back.' I jumped up and shot back at him, like that." Under all of this testimony, with the uncontroverted proof that the deceased had no weapon which he could have attempted to use, and that only one shot was fired, the ambiguous statement of the defendant that he "shot back at him," could not reasonably be taken to mean that the defendant shot in self-defense only after the deceased had first fired at him.

2. While it is the rule that "where a conviction depends entirely upon circumstantial evidence, it is the duty of the judge, whether so requested or not, to give in charge to the jury the principles of law by which the weight of the circumstances is to be determined, and under what circumstances a conviction on circumstantial evidence is warranted" (Weaver v. State, 135 Ga. 317, 320, 69 S. E. 488; Hamilton v. State, 96 Ga. 301, 22 S. E. 528; Strickland v. State, 167 Ga. 452, 454, 145 S. E. 879; Crumady v. State, 168 Ga. 457, 463, 148 S. E. 157), yet where there is both circumstantial and direct evidence, with "some direct evidence on all the essential elements of the crime charged, the failure of the judge [so] to charge . . does not furnish cause for a new trial." Wilson v. State, 152 Ga. 337 (110 S. E. 8); Long v. State, 175 Ga. 274 (2) (165 S. E. 75); Harris v. State, 178 Ga. 746 (2) (174 S. E. 240). Thus, where the attendant facts and circumstances are such as strongly tend to establish the commission of the homicide by the accused as charged in the indictment, and where, as here, he admits in his statement the shooting, but claims justification, the case is not one depending wholly upon circumstantial evidence, so as to require a charge upon the law of such evidence. Duren v. State, 158 Ga. 735 (3) (124 S. E. 343); Harris v. State, 152 Ga. 193 (5) (108 S. E. 777), and cit.                                    Judgment affirmed.   All the Justices concur.

*Robert B. Short,* for plaintiff in error.

*M. J. Yeomans, attorney-general, Carl E. Crow, solicitor-general, Dave M. Parker,* and *E. J. Clower,* contra.