## BOYD *v.* THE STATE.

DUCKWORTH, Presiding Justice. 1. The court did not err in failing to charge, in the absence of a special written request, the contention of the defendant that he had and used no weapon at all in his encounter with the deceased, such theory being found only in the statement of the accused. *Lampkin* v. *State*, 145 Ga. 40 (6) (88 S. E. 563); *Taylor* v. *State*, 155 Ga. 785, 787 (118 S. E. 675); *Rozier* v. *State*, 156 Ga. 176, 180 (119 S. E. 309).

2. The conviction of the defendant being dependent entirely upon circumstantial evidence, the court erred in failing to charge, though no special written request was made, the law as to such evidence. *Weaver* v. *State*, 135 Ga. 317 (2) (69 S. E. 488); *Collier* v. *State*, 154 Ga. 68, 78 (113 S. E. 213); *Crumady* v. *State*, 168 Ga. 457, 463 (148 S. E. 157); *Powers* v. *State*, 172 Ga. 1 (157 S. E. 195); *Blocker* v. *State*, 185 Ga. 322 (2) (195 S. E. 207).

3. The complaint that the court, although no timely written request was made, should have given a particular charge relating specifically to the evidence is without merit, the general charge having fairly and fully submitted the issues under the facts and the indictment; and if a more specific instruction was desired, a timely written request should have been made.

4. Since the case is being remanded for another trial because of the error of the court in failing to charge the law of circumstantial evidence, no ruling is made on the general grounds of the motion for new trial.

*Judgment reversed. All the Justices concur, except*

JENKINS, Chief Justice, dissenting. As I see this case, the evidence is partly circumstantial and partly direct, and therefore the court should not be required to charge the jury so as to indicate that the evidence was wholly circumstantial. It is not necessary to prove the *whole* case by direct evidence in order to take it from without the strict rule applying in cases where circumstantial evidence *only* is relied on. While it might be true that the evidence going to show the corpus delicti, that is the commission by some one of the crime of murder, may be technically circumstantial in character; yet the two proven declarations by the defendant, that he at least actively participated in the stabbing of the deceased, were direct and not circumstantial, not as a confession directly showing that he was guilty of the crime of *murder*, but as directly showing that *he* was guilty of murder, if it were otherwise shown by circumstantial evidence that the homicide *was* murder.

No. 15727. FEBRUARY 6, 1947.

*N. J. Smith,* for plaintiff in error.

*Eugene Cook, Attorney-General, W. H. Lanier, Solicitor-General,* and *Margaret Hartson,* contra.