### 34835. FLYNN *v.* THE STATE.

CARLISLE, J. The defendant was tried and convicted under an indictment containing six counts relating to offenses involving two automobiles. Counts 1 and 4 charged the defendant with the larceny of the two automobiles. Counts 2 and 5 charged him with knowingly receiving the automobiles as stolen goods. Counts 3 and 6 charged him with the possession of automobiles having motor numbers which had been altered in violation of Code § 68-9916. The State abandoned and withdrew counts 3 and 6. The jury found the defendant innocent of counts 1 and 4, but found him guilty of counts 2 and 5. The defendant's motion for new trial, based on the usual general grounds and four special grounds, was denied, and he has appealed to this court for review.

1. Upon the trial there was evidence that one of the automobiles was stolen December 30, 1952, and the other was stolen on January 4, 1953. The defendant admitted that the first car came into his possession on January 2, 1953, and the second car came into his possession on January 14, 1953, but denied all knowledge of the fact that the automobiles had been stolen. There was no direct evidence bearing upon the ultimate fact of the defendant's knowledge that the automobiles were stolen. " 'On the trial of a criminal case, where the conviction depends entirely upon circumstantial evidence, it is the duty of the judge, whether requested or not, to give in charge to the jury the principles of law by which the weight of the circumstances is to be determined and under what circumstances a conviction on circumstantial evidence is warranted.' This rule has been often recognized and applied. *Weaver* v. *State*, 135 *Ga.* 317, 320 (69 S. E. 488); *Hamilton* v. *State*, 96 *Ga.* 301 (22 S. E. 528); *McElroy* v. *State*, 125 *Ga.* 39 (53 S. E. 759); *Smith* v. *State*, 125 *Ga.* 296 (54 S. E. 127); *Hart* v. *State*, 14 *Ga. App.* 714 (82 S. E. 164); *Harden* v. *State*, 13 *Ga. App.* 34 (2) (78 S. E. 681); *Harris* v. *State*, 18 *Ga. App.* 710 (90 S. E. 370), and cases there cited." *Kinard* v. *State*, 19 *Ga. App.* 624 (91 S. E. 941). Special ground 1 of the motion for new trial, complaining of the court's failure to charge the jury, even without a request, on the law of circumstantial evidence, is, under an application of the foregoing rule to the facts of this case, well taken, and a new trial is mandatory. See also, in this connection, *Turner* v. *State*, 40 *Ga. App.* 662 (151 S. E. 120).

2. Special grounds 2, 3, and 4 are not complete within themselves and will not be considered.

The trial court erred in denying the motion for new trial for the reason stated in division 1.

*Judgment reversed. Gardner, P.J., and Townsend, J., concur.*

DECIDED SEPTEMBER 16, 1953.

710

*Howard, Howard, Slaton & Holt, E. Freeman Leverett,* for plaintiff in error.

*Paul Webb, Solicitor-General, Jeptha C. Tanksley, Charlie O. Murphy,* contra.