## 34746. Oglesby *v*. The State.

Carlisle, J. Buddy Oglesby was indicted, tried, and convicted of simple larceny (cattle stealing). His motion for new trial, based on the usual general grounds and one special ground, complaining of the court's failure to charge the law relative to circumstantial evidence, was denied and he has appealed to this court for review. From the evidence offered by the State, the jury was authorized to find that: R. L. Smith lost the cow described in the indictment early in November 1952; two days later he discovered that his pasture fence had been pushed or broken down; still later he discovered that one Colen Bennett had transported the cow from the community in early November to Statesboro, where the cow was sold at the Statesboro Stockyard to George King; Smith went to George King's pasture and recovered the cow; Oglesby had employed Bennett to haul the cow to Statesboro; Oglesby and Bennett together with Carl Johnson went to Oglesby's place, loaded the cow, transported her to Statesboro, and sold her in the name of Johnson, who received payment and turned the proceeds over to Oglesby who paid Bennett for the transportation. The defendant denied the theft and contended that the cow loaded on Bennett's truck and sold in Statesboro was one he had purchased for his wife several months before in Millen.

1. While the evidence set out above is entirely sufficient to authorize Oglesby's conviction, under proper instructions, of the offense of simple larceny (cattle stealing), the court's failure, even without a request, to charge the law relative to circumstantial evidence requires the grant of a new trial; and this is true notwithstanding the court did charge the jury as follows: "The defendant is presumed in law to be innocent of the charge until and unless the evidence produced to you satisfies your minds and consciences beyond a reasonable doubt as to his guilt. The burden of producing such evidence is upon the State. . . Simple larceny is designated under our law as the wrongful and fraudulent taking and carrying away by any person of the personal goods of another with intent to steal the same. I charge you that intention is an essential element and ingredient of larceny, and where the defendant sets up the defense that the property was his property, not the property of another, then I charge you that there can be no larceny unless there is an intention to commit a larceny existing at the time of the taking, and there can be no intention where the taking is under a fair, honest, bona fide claim of right. In this case, gentlemen, should you be convinced beyond a doubt that the defendant took the property of R. L. Smith, the cow of R. L. Smith, described in the indictment with the intention to steal the same then it would be your duty to find the defendant guilty, if you are convinced of that beyond a reasonable . . . Gentlemen, if you entertain a reasonable doubt or are not convinced beyond a reasonable doubt of the guilt of the defendant you should give him the benefit of the doubt and acquit him. . ." *Hamilton* v. *State,* 96 *Ga.* 301 (22 S. E. 528); *Twilley* v. *State,* 9 *Ga. App.* 435 (71 S. E. 587); *Harris* v. *State,* 18 *Ga. App.* 710 (90 S. E. 370); *Scott* v. *State,* 57 *Ga. App.* 489 (195 S. E. 923); *Kinard* v. *State,* 19 *Ga. App.* 624

(91 S. E. 941). The evidence and charge in this case do not bring it within the rule laid down in *Toler* v. *State,* 107 *Ga.* 682 (33 S. E. 629), which purportedly follows *Barrow* v. *State,* 80 *Ga.* 191 (5 S. E. 64); and we might add that in the *Barrow* case the court stated (p. 193): "It is perhaps proper to remark that it is not clear that the testimony was entirely circumstantial." In the *Toler* case, it appears from the record of file in the office of the Clerk of the Supreme Court that there was evidence of a confession by the defendant that he had stolen the property there in question; and on that subject see *Griner* v. *State,* 121 *Ga.* 614 (49 S. E. 700).

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED SEPTEMBER 23, 1953.

*Rountree & Rountree,* for plaintiff in error.
*W. H. Lanier, Solicitor-General,* contra.