## ECHOLS v. THE STATE.

1. Counsel for the accused in a felony case having agreed that a jury be stricken as in a case of misdemeanor, and the State during the trial having offered as a witness a person who was a nephew of one of the jurors selected, but whose name was not in the list of State's witnesses entered upon the indictment, there was no error in allowing such person to testify as a witness for the State, over an objection of the accused based upon the facts above recited, nor in refusing to declare a mistrial, although it affirmatively appeared that the accused and his counsel, at the time of the agreement as to the manner in which the jury was to be selected, were ignorant of the fact that such witness would be called.
2. The verdict is supported by the evidence; and there were no errors committed by the trial judge in admitting testimony.

Argued April 19, — Decided May 5, 1897.

Indictment for larceny. Before Judge Candler. DeKalb superior court. February term, 1897.

*W. M. Morrison*, for plaintiff in error.

*W. T. Kimsey*, solicitor-general, contra.

Cobb, J. Henry Echols was indicted for the offense of larceny of a bale of cotton, and upon his trial was found guilty. His motion for a new trial being overruled, he excepted.

1. The counsel for the accused agreed that a jury be stricken for the trial as in cases of misdemeanors, and a jury stricken in this manner was impaneled and sworn. During the progress of the trial the State offered as a witness a person who was a nephew of one of the jurors selected. Counsel for the accused made a motion to declare a mistrial in the case, or to exclude the witness from the stand, on the ground that having been furnished with a copy of the indictment purporting to have all the witnesses for the State, and this witness not being among the number, he was misled into accepting a jury upon which there was a kinsman of the witness in question. The court refused to declare a mistrial, and allowed the witness to testify. There is no law requiring the State to furnish a person indicted with the names of all the witnesses intended to be used on the trial. The accused is entitled to " a list of the witnesses on whose testimony the charge against him is founded"; that is to say, the names of those witnesses who appear before the grand jury, and upon whose testimony the

grand jury find the indictment or presentment. Penal Code, §8. The record shows that the accused was furnished with the list of witnesses which he was entitled to demand. The solicitor-general was under no obligation to disclose to him other witnesses whom he might see fit to call during the progress of the trial. We can not see how the accused was injured in regard to this witness by changing the manner of selecting the jury. If he had demanded his legal right to have the panel placed upon their voir dire, he would have still been ignorant as to the fact that the State intended to introduce as a witness the kinsman of the juror, and he would probably have accepted the same jury, even if the striking had been regular, instead of under the agreement referred to.

2. There was sufficient evidence to authorize the verdict, and a careful examination of the motion for a new trial discloses no error committed by the trial judge which would authorize this court to reverse his judgment in overruling the motion.          *Judgment affirmed.          All the Justices concurring.*