## DALLAS v. THE STATE.

1. In a motion for continuance on the ground of the absence of a material witness, the movant must make it appear that the witness would testify as represented to the court. Where the absent witness was relied upon to prove an alibi, and the accused, in his motion, disclosed that though

he had the opportunity of ascertaining what the witness would swear, yet he had not been informed by the witness or by others as to the nature or scope of the witness's testimony, and it further appeared, from a counter-showing by the State, that the absent witness was not with the accused at the time and place fixed by him, it was not erroneous to refuse to continue the case.

2. The evidence was ample to support the verdict.

Submitted October 26,—Decided November 18, 1907.

Indictment for murder. Before Judge Gober. Cobb superior court. August 23, 1907.

*E. H. Clay* and *Griffin & Attaway*, for plaintiff in error.

*John C. Hart, attorney-general, B. F. Simpson, solicitor-general,* and *J. Z. Foster,* contra.

EVANS, P. J. The defendant was convicted of murder as principal in the second degree, and recommended to mercy. He made a motion for new trial, on the ground that the verdict was contrary to the evidence, and on the special ground that the court erred in refusing to continue his case, because of an absent witness, who had been subpœnaed, and by whom he expected to prove an alibi. A new trial was refused, and he excepted.

We will first notice the alleged error of the court in refusing a continuance of the case. It is of interest, not only to society, but as well to the person accused of crime, that a trial be had without unnecessary delay. If the accused be unprepared for trial because of the absence of a material witness, his motion to continue should apprise the court of at least a strong probability that the absent witness would actually depose to the matters desired to be proved by him. No person should ever be permitted to procure a postponement of his case by trifling with the court. Therefore a motion to continue a criminal case should show the defendant's source of information, or grounds for believing that the witness would testify as represented to the court. *Bradley* v. *State*, 128 *Ga.* 20. In the present case the accused asked a continuance of his case because of the absence of a witness by whom he expected to prove that the accused was standing by the witness outside of the house at the time the homicide was committed in the house. Though he had the opportunity, the accused had never talked with the witness upon this point, nor was he informed by others that the witness would deliver the testimony expected of him. The court allowed the State to make a counter-showing by wit-

nesses who testified that at the time of the homicide the accused was in the house, but the witness was not with him. Ordinarily the opposite party will not be permitted to offer testimony to disprove the truth of the facts expected to be established by the absent witness, by way of a counter-showing. The question, in a motion to continue a case on the ground of the absence of a material witness, is, not the truth or falsity of the expected testimony, but whether the witness, if present, would swear to its truth. In view of the failure of the accused to give the court any assurance that the absent witness would support his alibi, other than his supposition that he would so testify, because of the accused's statement that the witness was with him at the time of the alleged crime at a different place, and the counter-showing made by the State that the witness was not with the accused at the time of the homicide, the trial judge did not abuse his discretion in refusing to continue the case. The State's counter-showing was more to establish the improbability of the absent witness's testifying as the accused represented he would, than to disprove the alleged alibi.

2. The crime proved by the State's evidence was murder. The deceased was shot by one John Mitchell at the command and instigation of the accused, who was standing near the slayer at the time he fired the fatal shot. There was no provocation for the shooting. The evidence warranted the verdict.

*Judgment affirmed. All the Justices concur.*