### REXFORD *v.* BLECKLEY, administrator.

1. Under the ruling in *Price* v. *High,* 108 *Ga.* 145 (33 S. E. 956), which has been followed in a number of cases, including, among others, that of *Gray* v. *Joiner,* 127 *Ga.* 544 (56 S. E. 752), a purported brief of evidence, which is not so in fact, but is extensively interspersed with questions and answers, objections to evidence, statements and arguments of counsel, and colloquies between counsel and the court, and with statements by the court, none of which in any wise throws any light upon the testimony in the case, does not constitute such a brief of evidence as is required by law. The paper filed as a brief of evidence in this case falls within the rulings in the cases cited above, and can not be considered by this court.

2. Considering the ground of the motion for new trial, based on the overruling of the motion to continue the case and taking it up out of its order, in the light of the statements contained in such ground, as modified by the note of the presiding judge, there was no error in overruling it.

3. Where an administrator undertakes to sell at public outcry lands of the decedent, and a claim thereto is interposed by a third person, upon the trial of the issue thus raised it is not erroneous for the judge to charge in effect that if the decedent died in possession of the land, such possession would be sufficient to raise a presumption of title.

4. If one interposes a claim to a sale advertised by an administrator, and he does so for delay only, he is subject to have damages assessed against him by the verdict of the jury, as in claims under execution sale, to be calculated upon the basis of the value of the property claimed.

5. (*a*) While, in tendering issue in a claim case on a claim interposed to prevent an administrator's sale, the administrator was not bound to name a specific sum of damages, which he prayed to be awarded to him on the ground that the claim was interposed for delay only, yet where he did so, and prayed only for the recovery of a definite sum thus

named, he could not recover more; and where a verdict for damages was returned in excess of the amount thus fixed by the pleadings, the excess was not warranted by law.

(b) There being no other error requiring a reversal, this court will give direction that the amount of damages found in excess of those claimed shall be written off from the verdict and judgment, and thereupon that the judgment refusing a new trial shall be affirmed.

Argued June 17,—Decided December 15, 1908.

Claim. Before Judge Kimsey. Rabun superior court. September 7, 1907.

W. S. Paris, for plaintiff in error. H. H. Dean, contra.

ATKINSON, J. 1-3. The rulings announced in the 1st, 2nd, and 3d headnotes do not require further elaboration.

4. When an executor, administrator, guardian, or other trustee shall advertise that it is his intention to apply for leave to sell any real estate as the property of his testator, intestate, ward, or cestui que trust, or after he has obtained such order, it may be lawful for any person claiming such real estate to interpose his claim on oath, and have a copy of the claim affidavit served upon the executor, administrator, guardian, or trustee, as the case may be, previously to the day of sale. Civil Code, § 4630. When this has been done it is the duty of the ordinary to transmit the claim affidavit to the next term of the superior court of the county where the land lies, "and the right of property shall be there tried upon an issue made up in the same manner and under the same regulations, restrictions, and penalties as are provided for the trial of claims to property levied on by execution." § 4631. What are the penalties provided for the trial of claims to property levied on by other executions, as distinguished from the regulations and restrictions touching such trial? In dealing with claim cases arising under the levy of executions, it is provided by the code that "every juror, on the trial of the claim of property either real or personal, shall be sworn, in addition to the oath usually administered, to give such damages, not less than ten per cent., as may seem reasonable and just, to the plaintiff against the claimant, in case it shall be sufficiently shown that such claim was made for delay only, and such jury may give a verdict in the manner aforesaid, by virtue whereof judgment may be entered up against the claimant and his security for the damages so assessed by the jury and the costs of the trial of the right of property." § 4623. By § 4627 it is provided that, upon the

trial of claims to property in the superior court, when damages shall be found by the jury, they shall be assessed upon the whole amount then due upon the execution, provided the value of the property in dispute exceeds such amount, and upon the value of the property when its value is less than the amount of the execution levied. Section 4626 authorizes the plaintiff in execution, in cases where the claim may be dismissed for insufficiency or withdrawn, to have a case made up and submitted to the jury, charging that such claim was filed for the purpose of delay only, and to claim damages therefor. It requires no argument to show that the assessment of damages is a penalty provided by law in an ordinary claim case arising upon the interposition of a claim to the levy of an execution, if it be sufficiently shown that such claim was made for delay only. Aside from the taxing of costs, which is an incident to all ordinary law cases, such damage is the only subject-matter to which the word "penalize" could properly be applied. It would therefore seem clear that the provision in section 4631 of the Civil Code, that a claim interposed to the advertisement of a sale by an administrator, guardian, or other trustee, shall be tried not only under the same regulations and restrictions but also under the same penalties as are provided for the trial of claims to property levied on by execution, authorizes the assessment of damages against the claimant if it should be sufficiently shown that such claim was made for delay only. In such a case the position of the administrator is somewhat analogous to that of the plaintiff in fi. fa. in a claim case arising under the levy of an execution. He is seeking to sell the entire property advertised for legitimate purposes of administration. This is stopped by the interposition of a claim to the entire property. The distribution of the estate is delayed. Creditors may be delayed in receiving payment; heirs or distributees may be postponed from receiving what is legitimately theirs; the property may depreciate in value; and serious injury may result from a mere frivolous intervention of a person with no legitimate right to interpose by claim, and who does so merely to delay the just and proper progress of the administration. There would seem to be quite as much reason for allowing damages to be assessed in such a case as in one where a creditor with an execution is delayed improperly in proceeding to collect his debt. In the case of an execution creditor,

however, the property levied on may be considerably greater in value than the amount of the execution. It was not, therefore, deemed just by the legislature that the damages should be assessed absolutely on the basis of the value of the property. Thus an execution for $100 might be levied on an indivisible lot of the value of $5,000, and it was not considered proper that the plaintiff should be allowed to recover damages to the extent of $500 or more because of the delay in realizing the amount of such execution. The injury to him would arise from the delay in having his execution satisfied. On the other hand an execution for $5,000 might be levied on a lot which was only worth $100. If it were promptly sold, the plaintiff would only realize its value or what it would bring at the sale. If he were delayed in doing so, it would scarcely appear to be just that he should have damages assessed on the basis of his entire execution, and thus recover $500 for delay caused in selling the lot of the value of $100. Hence provision was made by section 4627 of the Civil Code, which has already been stated, by which the amount of the execution was to be taken as the basis if it were less than the value of the lot, or the value of the lot if it were less than the amount of the execution. In a case like that before us this is not applicable. The proceeding is to sell and apply the proceeds of the entire lot as the law directs. No specific execution is proceeding to subject less than the entire lot. The order of sale covers it as a whole. Therefore where the whole is advertised and the whole is claimed, the value of the property thus involved would furnish the basis upon which damages would be assessed. The distinction which is pointed out will suffice to show that the case of *Adams* v. *Carnes,* 111 *Ga.* 505 (36 S. E. 597), on which reliance was placed by the plaintiff in error, is not controlling.

5. For the reasons indicated in the headnotes, the question of whether the verdict is contrary to the evidence can not be considered. The administrator in this case, however, in tendering issue, not only alleged that the property was subject to the sale, but also that the claim was not interposed in good faith, but merely for the purpose of delay; that the claimant was a non-resident of the State; and he prayed affirmative relief against the claimant and the award of damages for the filing of such claim. It was alleged that the property was worth the sum of $6,600 or like sum, and he "prays

that he recover of the said C. H. Rexford the sum of $600 damages by reason of the filing of the frivolous claim." While it may not have been necessary for him to have restricted himself to claiming a specific amount of damages, yet, when he voluntarily did so, and thus limited the amount of the recovery which he sought on the face of his pleadings, we do not think a recovery for a greater amount would be sustained by the law; and this is true regardless of the evidence which may have been introduced. See *Giles* v. *Spinks,* 64 *Ga.* 207 (2). We therefore affirm the judgment, with direction that the amount of damages in excess of $600 be written off from the verdict and judgment.

*Judgment affirmed, with direction. All the Justices concur.*