### 3957.   ABBOTT *v.* THE STATE.

1. The expression· "near beer" does not import an intoxicating liquor, and evidence of the sale of such a beverage, without proof that if drunk to excess it will produce intoxication, will not support a conviction of violation of the prohibitory law contained in § 426 of the Penal Code (1910).

2. The indictment having been returned January 23, 1911, and the trial had at the May term, 1911, testimony that the accused sold intoxicating liquor "within the last two years" does not show with sufficient certainty that the sale took place before the indictment was found. *White* v. *State,* 93 *Ga.* 47 (4) (19 S. E. 49).

3. In a trial under an indictment charging a violation of the prohibitory law contained in § 426 of the Penal Code (1910), evidence that at the time the offense is alleged to have been committed, the, accused had a license to sell "near beer" from the State, county, and municipal corporation in which the law is alleged to have been violated, is irrelevant.

4. It was not error to permit the State to introduce a witness whose name had not previously been furnished the accused or his counsel, even

though the accused had not waived the furnishing of a list of the witnesses.

5. It is within the discretion of the court to allow a case reopened at any stage, for the introduction of additional evidence, and the reviewing court will interfere only when there has been a gross abuse of this discretion. None such appears in the present case.

DECIDED MARCH 19, 1912. REHEARING DENIED APRIL 8, 1912.

Indictment for sale of liquor; from city court of Brunswick—Judge Krauss. November 18, 1912.

*Max Isaac,* for plaintiff in error.
*Ernest Dart, solicitor,* contra.

POTTLE, J. The headnotes sufficiently indicate our view of the questions with which we deem it necessary to deal. The indictment charged the accused with selling, keeping on hand at his place of business, and giving away to induce trade, "alcoholic, malt, spirituous and intoxicating liquors and intoxicating bitters and drinks, which if drunk to excess will produce intoxication." All of the witnesses who had any knowledge as to the kind of drink the accused had been selling testified that it was "near beer" and non-intoxicating. One of the State's witnesses said he drank 32 bottles one day and went home at night entirely sober. The general prohibitory law comprehends only such beverages as, "if drunk to excess, will produce intoxication." The court judicially knows that many kinds of drinks are intoxicating. But the term "near beer" does not import such a drink. The General Assembly having expressly sanctioned the sale of "near beer," if anything, the presumption would be that a particular beverage having this name was non-intoxicating. Indeed, this court has defined "near beer" as a malt liquor containing such a small percentage of alcohol that it will not produce intoxication if drunk to excess. *Stoner* v. *State,* 5 *Ga. App.* 716 (63 S. E. 602); *Campbell* v. *Thomasville,* 6 *Ga. App.* 212 (64 S. E. 815).

The case was closed with proof simply of sales of "near beer," and, when argument was almost concluded, the State was allowed to reopen the case and introduce a witness, who testified that on one occasion he bought a pint of whisky from the accused, and paid him 45 cents for it. The only evidence as to the date of the sale was the following testimony of this witness: "That was in this county and within the last two years." While the State may, of course, show that the offense was committed on any day within the

limitation period, it seems to be taking rather an unfair advantage to rest the case upon evidence that the crime was committed "within two years," or four years, as the case might be. An honest witness ought certainly to be able to state the date with sufficient exactness to indicate the month or at least the season of the year. But as to this, see *Chapman* v. *State*, 18 *Ga.* 736. However, it must affirmatively appear that the offense was committed before the finding of the indictment, and this is not shown by evidence that the criminal act was done some time within two years before the trial, the indictment having been returned some months prior thereto. The court should have granted a new trial upon the ground that there was not sufficient evidence to convict. The special assignments of error were without merit.

*Judgment reversed.*