### CRAWFORD v. CRAWFORD, administratrix.

BECK, J. 1. There was no abuse of discretion on the part of the court below in proceeding with the trial of a claim case, called in its regular order, in the absence of counsel for the claimant, although such counsel was engaged in the superior court of another county, it not appearing that the absent counsel had obtained or applied for a leave of absence from the court in which the claim case was pending.

2. Where an administrator has advertised that certain land will be sold as the property of the estate of his intestate, and a party claiming the land so advertised files an affidavit claiming said property under the provisions of the Civil Code, § 5176, and where the claim affidavit has been duly transmitted by the ordinary to the superior court of the county in which the land lies, it is allowable, on the trial of the case so made, in the event the claimant does not prosecute the claim or introduce evidence to support it, and the court dismisses the claim upon that ground, or is about to dismiss it, for the administrator "to have a case made up and submitted to the jury, charging that said claim was filed for the purpose of delay, and upon proof of the same  .   .  the jury, under instructions from the court, may give damages as in cases where the claim is not withdrawn but submitted for trial to the jury." Civil Code, § 5172; *Rexford* v. *Bleckley*, 131 *Ga.* 678 (63 S. E. 337).

(*a*) This court, upon review, declines to overrule and reverse the decision in the case just cited.

3. The claim affidavit transmitted by the ordinary to the superior court, as indicated above, thereupon became an office paper in the latter court. And where upon the trial of a claim case it is made to appear to the court that a part of the claim affidavit has been lost or abstracted from the office, it is competent for the court, upon proper evidence of that fact, to establish instanter a copy of the claim affidavit as it originally existed, under the provisions of the Civil Code, § 5312.

4. The evidence authorized the verdict, and there was no error in refusing to grant a new trial.     *Judgment affirmed.    All the Justices concur.*
                        NOVEMBER 23, 1912.

Claim. Before Judge Pendleton. Fulton superior court. December 30, 1911.

*J. S. James* and *Scott & Davis,* for plaintiff in error.

*R. R. Arnold,* contra.