## 6563.　WOBBINGTON v. THE STATE.

RUSSELL, C. J. 1. It is never error to refuse to direct a verdict.

2. The instructions of the trial judge were adjusted to the issues and the evidence, and it was not error to omit to instruct the jury upon the law applicable to robbery by sudden snatching, for it is manifest that if robbery was committed, it was accomplished by force, and the indictment did not charge robbery by sudden snatching.

3. The evidence authorized the verdict, and there was no error in refusing a new trial.　　　　　　　　　　　　　　　*Judgment affirmed.*

DECIDED OCTOBER 7, 1915.

Indictment for robbery; from Fulton superior court—Judge B. H. Hill. March 27, 1915.

*Tillou Von Nunes, Thomas H. Scott,* for plaintiff in error.

*Hugh M. Dorsey, solicitor-general, E. A. Stephens,* contra.

---

## 6580.　LEONARD v. THE STATE.

BROYLES, J. 1. In a case in which the State relies exclusively upon circumstantial evidence for a conviction, it is the duty of the judge, whether so requested or not, to instruct the jury that, before they would be authorized to convict, the evidence must connect the accused with the perpetration of the alleged crime, and must be not only consistent with his guilt but inconsistent with every other reasonable hypothesis. But in a case in which the evidence relied upon by the prosecution is not entirely circumstantial, a new trial will not be granted merely because the judge, in the absence of a timely written request, failed so to charge. *Jordan* v. *State,* 9 *Ga. App.* 578 (71 S. E. 875); *McElroy* v. *State,* 125 *Ga.* 37 (53 S. E. 759); *Smith* v. *State,* 125 *Ga.* 296 (54 S. E. 127).

2. The verdict was supported by the evidence, and no error of law appears.

3. The assignments of error not referred to in the brief of counsel for plaintiff in error are deemed abandoned.

Judgment affirmed.

DECIDED OCTOBER 7, 1915.

Certiorari; from Fulton superior court—Judge Bell. March 29, 1915.

*C. G. Battle,* for plaintiff in error.

*Hugh M. Dorsey, solicitor-general,* contra.