### O'NEAL *v.* MURPHEY.

FISH, C. J. It appears from the motion for new trial, and from the approved brief of the evidence, that an administrator's deed and an order of the ordinary authorizing sale of the land were put in evidence by the plaintiff and relied on as evidence showing title in him. In neither the motion for new trial nor in the brief of evidence appears either such deed or order or the substance of either. In the approved brief of evidence is the recital, "This deed and the order of the ordinary being made a part of the evidence and attached hereto as exhibits." No exhibits appear to be attached to the motion for new trial. Preceding the brief of evidence are copies of an administrator's deed and an order of the ordinary for the sale of land, which are in no way made a part of such brief. These documents can not be considered by this court, as they constitute no part of the brief of evidence. On account of the failure to make such documents a part of the brief of evidence, there was no such brief in the record as the statute requires; and in accordance with repeated rulings of this court, no questions raised in the motion for new trial which depend on a consideration of the evidence can be decided. *McPherson* v. *Chandler*, 137 *Ga.* 129 (4), 130 (72 S. E. 948); *Patterson* v. *Campbell*, 136 *Ga.* 664 (5), 665 (71 S. E. 1117).

Under this ruling none of the grounds of the motion for new trial or the amendments thereto can be considered.

*Judgment affirmed. All the Justices concur.*

MAY 16, 1917.

Complaint for land. Before Judge Thomas. Thomas superior court. June 19, 1916.

*Fondren Mitchell,* for plaintiff in error.

*Roscoe Luke, W. H. Hammond,* and *C. E. Hay,* contra.

*Judgment affirmed. All the Justices concur.*