## 11506.   JOHNSON *v.* THE STATE.

Refusal to continue the case because of absence of witnesses was not error requiring a new trial of this case.

The conviction of the accused was demanded by the evidence.

DECIDED JULY 14, 1920.

Indictment for misdemeanor; from Whitfield superior court — Judge Tarver.   April 17, 1920.

The indictment charged the accused with having solicited, directed, and procured a named female to have sexual intercourse with certain persons named.   It was testified that he went to her when she was at the railroad depot at Varnells and told her that he was going to arrest her, took handcuffs out of his pocket, and said he would drag her off if she did not go with him; that she said she was going to leave and had her railroad ticket in her stocking; that he took her with him to a cemetery, to which they were followed by a crowd of boys, and told her that he was going to take her to jail, but if she would permit the boys — about fifteen or twenty in number — to have sexual intercourse with her, he would turn her loose; that she told him she was an orphan girl and had no one to help her or go on her bond, and did not want to do this, but finally said she would do so in order to get loose and keep out of jail, that several, including persons named in the indictment, did have sexual intercourse with her there, while the defendant walked back and forth near them, laughing, and when they had all finished he let her go.   No witness testified for the

defendant, but in his statement at the trial he said that certain persons named came to him when he was trading at a store, and asked him to arrest a woman at the depot, who, they said, was "cutting up," and he went to her and told her she had been reported for bad conduct, and if she did not "cut it out" he would have to take her off; that she said she was going to Chattanooga, and promised to leave if he would not bother her, and he went off, and the next thing he knew "they were raising sand up at the graveyard." In testimony in support of his motion for a continuance he gave the names of certain persons by whom he expected to prove that they were at the depot when the boys took the woman and ran off with her, and that he did not arrest her and had nothing to do with taking her from the depot.

*George G. Glenn,* for plaintiff in error.

*J. M. Lang, solicitor-general,* contra.

PER CURIAM. 1. The amendment to the motion for a new trial (construed as a whole) shows that the defendant's counsel made an informal request or motion that the case be passed until the following day, and followed this by a formal motion for a continuance of the case on account of the absence of certain witnesses. Upon the hearing of the motion the defendant failed to state that the witnesses were absent without consent, or that he expected to be able to procure their testimony at the next term of court. The motion, therefore, did not come up to all the requirements of the statute, and the court did not err in overruling it. While the defendant's attorney, during the hearing of the motion, stated that he had not had time to prepare the case and would be ready to try it on the following day, his formal motion for a continuance did not include this ground, but was based entirely upon the ground of absence of witnesses. Moreover, it appears from the record that the defendant had been arrested and bound over for this crime some weeks before his trial, and that he made no effort to have the absent witnesses subpœnæd until after he was indicted. Under these circumstances this court can not say, as a matter of law, that the defendant exercised all proper diligence in the premises and that the court erred in overruling the motion for a continuance.

2. The evidence demanded the defendant's conviction, and the court did not err in refusing to grant a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

LUKE, J., dissenting. I think, under the showing, the trial of the case should have been postponed.