## SMITH *v.* THE STATE.

No. 7242. FEBRUARY 26, 1930.

*E. C. Stark,* for plaintiff in error.

*George M. Napier, attorney-general, Clifford Pratt, solicitor-general, T. R. Gress, assistant attorney-general, J. H. & Emmett Skelton, P. Cooley,* and *J. B. G. Logan,* contra.

ATKINSON, ·J. ▮ The defendant made a motion to continue the case on the ground of absence of two named witnesses by whom he "would like to show" that the deceased made threats to kill defendant, and that such threats were communicated to defendant by such witnesses before the homicide. As a part of the motion the movant testified that he had caused summons to issue for said witnesses, that he was "not willing" to go to trial without them, and that he was "not making this motion for the purpose of delay, but for the purpose of obtaining their testimony." The showing for continuance did not comply with the requirements of the Penal Code, § 987, in relation to motions for continuance; and the judge did not abuse his discretion in refusing a continuance upon the ground stated.

▮ The defendant introduced a witness, J. T. Fitzpatrick, who upon being questioned stated that he would testify that, on the night following the afternoon the deceased was shot, witness went to the house of the deceased for the purpose of getting some whisky. The court rejected the testimony as irrelevant. Error was assigned upon this ruling, on the ground that the testimony would have corroborated the defendant's statement that deceased was selling whisky, and would have contradicted the testimony of two named witnesses for the State to the effect that they were not engaged in making whisky for said ·deceased. The court did not err in rejecting the evidence.

■ After defining the term "reasonable doubt," it was not error for the court to instruct the jury that they should acquit "if that doubt should exist in your minds as to the guilt of the defendant," upon the ground, as contended, that the portion of the instruction which is quoted tended to express an opinion.

■ "A new trial may be granted in all cases, when any material evidence, not merely cumulative in its character, but relating to new and material facts, shall be discovered by the applicant after the rendition of a verdict against him, and shall be brought to the notice of the court within the time now allowed by law for entering a motion for a new trial." Penal Code (1910), § 1088. The attorney for the defendant, as also the defendant himself, should make affidavit that he did not have knowledge of the fact before the verdict. *Barrow* v. *State,* 80 *Ga.* 191 (5 S. E. 64). The fourth ground of the motion for a new trial complains that the juror L. J. Ragsdale "had prejudged said case, and had formed and expressed an opinion as to the guilt of the accused, and was not a qualified juror." There were affidavits of three witnesses to support the charge of bias and expression of opinion as stated in this ground of the motion; also the affidavit of the defendant, that he did not know of such bias and expression of opinion until after the verdict; also the affidavit of defendant's sole attorney, that he did not know of such bias and expression of opinion "until after the evidence had been submitted to said jury, and before charge of court." There was a counter-showing by the State, consisting of affidavits by the three witnesses first. named, qualifying and explaining their first affidavits; also an affidavit of the juror Ragsdale, denying the charge as to bias or expression of opinion after hearing any evidence. The judge acting as trior was authorized by the evidence to hold that the juror was competent.

■ The fifth and sixth grounds of the motion for a new trial complain that the two witnesses, the absence of whom was relied on as grounds for the motion to continue, as dealt with in the first division above, were by friends of the prosecution "kept away from court and out of the reach of the officer seeking to [serve] summons" upon them. As parts of these grounds, there were certain affidavits tending to support the charges therein made. The State submitted a counter-showing which tended to disprove the charges. These grounds do not show cause for reversal.

■ The seventh ground of the motion complains that "the jury-box was invaded in this case, and the prosecutor, John Wells, sought to have jurors express themselves before said trial." In this ground it is stated that the movant offers "in evidence the affidavit" of a named person, "to that effect." The affidavit was to the effect that prior to the trial Wells, believing that affiant was friendly to prosecutor, told affiant to say nothing about his relation to the defendant, and later, having heard that affiant favored giving defendant a fair trial, told him he could mention the relationship if he desired to, for he "wouldn't get to sit on the case." In an affidavit by Wells, submitted as a counter-showing, the charge was denied. There is no merit in this ground.

■ The evidence is sufficient to support the verdict, and there was no error in refusing the motion for a new trial.

*Judgment affirmed. All the Justices concur, except Russell, C. J., absent for providential cause.*