## SMITH v. THE STATE.

No. 7800. OCTOBER 20, 1930.

*Early C. Stark* and *James W. Arnold,* for plaintiff in error.

*George M. Napier, attorney-general, Clifford Pratt, solicitor-general, T. R. Gress, assistant attorney-general, J. B. G. Logan, P. Cooley,* and *J. H. Skelton,* contra.

HINES, J. The defendant was indicted for the murder of Jud Wells. He has been twice convicted. On the first conviction he was granted a new trial. *Smith* v. *State,* 167 *Ga.* 544 (146 S. E. 121). On his second conviction he was denied a new trial. *Smith* v. *State,* 170 *Ga.* 234 (152 S. E. 482). This is the third appearance of the case in this court. The defendant now excepts to the refusal by the judge his extraordinary motion for a new trial.

Extraordinary motions for new trial are not favored. *Coggeshall* v. *Park,* 162 *Ga.* 78 (132 S. E. 632). In one ground of his motion the defendant alleges that Mary Bell Brown, a material witness in his behalf, was taken in charge by persons interested in the prosecution, was by them kept from court, and her whereabouts was concealed by them, in consequence of which she was not served with a subpoena, which had been regularly issued, re-

quiring her to attend court as a witness in his behalf; that she would have testified, had she been present and sworn, that the deceased had threatened his life, and that she had communicated this threat to the defendant prior to the homicide; that she was the only witness by which the defendant could prove this fact, that on the hearing of his former second motion for new trial he alleged these facts, and in support thereof introduced the affidavit of said witness. Thereupon the State made a counter-showing by introducing what purported to be two affidavits of said witness, in which she repudiated the statements of fact set forth and sworn to in her affidavit offered by the defendant; and on such counter-showing the trial judge refused to grant him a new trial. In the present bill of exceptions the defendant specifies, as material to a clear understanding of the errors complained of, the entire record of this case then of file in this court. This includes the record when the case was here upon exception to the judgment of the trial judge refusing the defendant's second ordinary motion for a new trial. In this record there appear two affidavits of this witness, in which she repudiated her affidavit upon which the defendant relied to show that this witness had been spirited away by friends of the prosecution, and thus was prevented from testifying to the threat made by the deceased against him and communicated to him by her before the homicide. In his present extraordinary motion for new trial the defendant attacks as a forgery one of the two affidavits in which this witness repudiated her affidavit upon which the defendant had relied in his second motion for a new trial; but the defendant did not attack the other of these two affidavits of this witness. Besides, the State introduced affidavits of the persons who, this witness charged, had spirited her away and prevented her from being subpoenæd and prevented her attendance as a witness in behalf of the defendant upon his last trial; and in these affidavits these persons denied the substantial facts stated by this witness in her affidavit made in behalf of the defendant on the hearing of his ordinary motion for new trial. In these circumstances the question of the forgery of the affidavit of this witness, upon whose testimony the defendant based one of the grounds of his second ordinary motion for new trial, became one for decision by the trial judge; and under this conflict in evidence the trial judge did not err in deciding this issue against the defendant.

■ The defendant in his second motion for new trial alleged that Ragsdale, one of the jurors who tried and convicted him, was disqualified to try him, because of bias and prejudice which the juror entertained against him. This ground was supported by affidavits of witnesses who deposed to declarations of the juror disclosing his bias and prejudice towards the defendant, the character of these witnesses being duly supported by affidavits of others, and by affidavits of defendant and his counsel tending to show lack of knowledge of such bias and prejudice until after the trial. By way of counter-showing the State introduced the affidavit of the juror in which he denied any bias and prejudice against the defendant. In these circumstances this court held that the judge, acting as trior, was authorized to find that the juror was competent. *Smith* v. *State,* supra. In his extraordinary motion the defendant again attacked the competency of this juror on the same ground, supporting this attack by affidavits of witnesses other than those whose affidavits were introduced on the hearing of his second motion, to show that the juror admitted making declarations tending to show his bias and prejudice against movant. The defendant is concluded by the former judgment of the trial judge holding that this juror was competent, in overruling his second motion for new trial on this ground; otherwise there would be no end to attacks upon a juror on the ground of his bias and prejudice against the defendant.

Applying the foregoing rulings, the trial judge did not err in overruling this extraordinary motion for a new trial.

*Judgment affirmed. All the Justices concur.*