## 23087. TIPPINS v. THE STATE.

DECIDED MAY 3, 1933.

*H. H. Elders,* for plaintiff in error.

*R. N. Odum, solicitor, J. T. Grice,* contra.

GUERRY, J. On the call of this case for trial a motion was made on the ground of the absence of one of the material witnesses present at the time and place at which the crime was alleged to have been committed. The defendant showed that he had the absent witness subpœnaed, and that the witness was sick with typhoid fever at the time of the trial; that the witness was present at the time at which it was alleged the crime was committed, but he had not talked to the witness more than to tell him that he was going to summon him. The movant swore: "He did not tell me what he would swear. He is a friend of mine and I don't think he would swear anything against me. I talked with him about three months ago. The only thing he said to me is that he would swear that he was present. He did not say what else he would swear. I summoned him because I thought he would help me. I did not ask him what he would swear, because I did not think I had any right to ask him that. I have a witness present who was in company with the absent witness at the time of the commission of the crime. I did not ask the absent witness what he would swear, because I knew he was a friend of mine and I did not think he would come over here and swear against me." In *Hobbs* v. *State,* 8 *Ga. App.* 53 (2) (68 S. E. 515), it was said: "Continuances in criminal cases are not governed by the same rules as those in civil cases." In a criminal case a motion for continuance, while to some extent addressed to the discretion of the judge, ought generally to be granted if his testimony is material, even though other witnesses present may testify to the same facts as the absent witness would state. The absent witness might be believed, while the witnesses present might be discredited by the jury. *Hobbs* v. *State,* supra. The fact in this case that there was one witness present by whom the circumstances might be proved would not be a ground for overruling the motion for continuance, for the reasons stated in the case cited above. One

of the necessary elements of a motion for continuance is that the facts to which an absent witness will testify shall be stated, so that the court may pass upon their materiality. In the case of *Dallas* v. *State,* 129 *Ga.* 602 (59 S. E. 279), the following language occurs: "Where the absent witness was relied upon to prove an alibi, and the accused, in his motion, disclosed that though he had the opportunity of ascertaining what the witness would swear, yet he had not been informed by the witness or by others as to the nature or scope of the witness's testimony, . . it was not erroneous to refuse to continue the case." In the case of *Wiggins* v. *State,* 101 *Ga.* 502 (29 S. E. 26), it was held: "Where the facts to which an alleged witness would have testified are not stated, his absence affords no ground for a continuance." Further discussing this point the court said: "While it is true he said the testimony was material and he wished it to corroborate his other witnesses, it was not for him to determine whether the testimony of the absent witnesses was material. The materiality of their testimony was a question for the decision of the court, and the court could not decide it unless informed of the nature and character of the testimony which the absent witnesses, if present, would give. If the case had been continued and the presence of the witnesses thereafter secured, their testimony might not have been material." The evidence in this case from the State's witnesses who were present is direct and unequivocal. Their evidence is to the effect that the absent witness was not present at the time of the commission of the crime, but some distance away. It nowhere appears that the absent witness had stated to the defendant or anyone else that he would have contradicted the testimony of the State's witnesses. It was entirely possible that he would have corroborated the same; and when it did not appear what the testimony of the absent witness would be, it was not improper for the trial court to overrule the motion.

The evidence amply supports the verdict.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J, concur.*