27576. PROGRESSIVE LIFE INSURANCE CO. *v.*
WALLACE.

246

*Craighead & Craighead, Dwyer & Dwyer, J. L. Smith,* for plaintiff in error.

*Boykin & Boykin,* contra.

STEPHENS, P. J. This was an action on a policy of life insurance. The trial resulted in a verdict in the plaintiff's favor. The defendant insurance company moved for a new trial upon the general grounds, and by amendment added two special grounds. In the first of the special grounds error is assigned upon the allowance of certain testimony of the plaintiff. In the second it is complained that a certain charge of the court to the jury was an erroneous statement of the law, was inapplicable, and presented an issue not authorized by the evidence. The court overruled the motion for new trial, and to this judgment the defendant excepted. The plaintiff moved to dismiss the writ of error on the ground that the brief of evidence accompanying the motion for new trial is not in proper form for consideration by this court.

The brief of evidence is interspersed with objections to testimony, questions and answers, arguments, rulings of the court, and colloquies between the court and counsel. The application for insurance attached as an exhibit to the defendant's answer was copied in full in the brief. "The brief of evidence required on motions for new trial shall be a condensed and succinct brief of the material portions of the oral testimony. . . In such brief there shall be included the substance of all material portions of all documentary evidence. Documentary evidence copied as an exhibit or set out in the pleadings, and introduced in evidence, shall not be set out in the brief except by reference to the same." Code, § 70-305.

Counsel for the defendant in error moved to dismiss the writ of error on the ground that the brief of evidence does not meet the requirements of this Code section. Under the decisions of the Supreme Court, which are controlling on this court, such so-called

brief of evidence will not be considered, and assignments of error in the motion for new trial which are dependent for determination on a consideration of the brief of evidence will not be passed upon. *Harris & Mitchell v. McArthur,* 90 *Ga.* 216 (3) (15 S. E. 758); *Moore* v. *Walton,* 155 *Ga.* 481 (117 S. E. 743); *Brown* v. *State,* 163 *Ga.* 684 (137 S. E. 31); *McComb* v. *Hines,* 123 *Ga.* 246 (51 S. E. 300); *Collins Park &c. R. Co. v. Ware,* 110 *Ga.* 307 (35 S. E. 121); *Carlisle* v. *Ray,* 133 *Ga.* 223 (65 S. E. 408); *Rexford* v. *Bleckley,* 131 *Ga.* 678 (63 S. E. 337), and cit.; *Graham* v. *Baxley,* 117 *Ga.* 42 (2) (43 S. E. 405); *Davis* v. *Gray,* 163 *Ga.* 271 (134 S. E. 81), and cit.; *Stapleton* v. *Union Central Life Ins. Co.,* 183 *Ga.* 117 (187 S. E. 631). There being no question in this case which can be determined without reference to the evidence, this court will assume that the judgment overruling the defendant's motion for new trial was correct. *Ingram* v. *Clarke,* 96 *Ga.* 777 (22 S. E. 334), and cit.; *Southern Banking & Trust Co.* v. *Farmers & Merchants Bank,* 99 *Ga.* 635 (25 S. E. 831). In such a case the denial of a new trial will not be reviewed. *O'Neal* v. *Murphey,* 147 *Ga.* 21 (92 S. E. 524).

Notwithstanding the rule laid down in Code, § 70-305, with reference to the preparation of a proper brief of evidence may be for the benefit of the court and not for the benefit of the parties, and this court may see fit not to disregard the brief of the evidence where the only defect therein consists of its failure to contain only a brief of the documentary evidence introduced, or where the documentary evidence appears as an exhibit and there is a failure to refer only to the exhibit, as was held in *Hargett* v. *Muscogee Bank,* 32 *Ga. App.* 701 (124 S. E. 541), and *Hulsey* v. *Harrington,* 57 *Ga. App.* 479 (195 S. E. 901), this court, under the authority of the decisions of the Supreme Court, will refuse to consider a brief of evidence where, as in the present record, no bona fide effort has been made to brief the evidence and eliminate therefrom questions and answers, and the brief of the evidence consists of colloquies between counsel and the court, objections to testimony, and rulings by the court. In the former cases the brief of evidence consisted of evidence only. In the case now before the court the brief of the evidence is interspersed with matter other than evidence which does not properly belong in a brief of evidence.

However, the bill of exceptions will not be dismissed, but there

being no question presented which can be passed upon except by reference to the evidence the judgment overruling the defendant's motion for new trial will be affirmed. *Southern Mining Co.* v. *Brown,* 107 *Ga.* 264 (33 S. E. 73) ; *Crumbley* v. *Brooke,* 135 *Ga.* 723 (2-a) (70 S. E. 655) ; *A. & W. P. R. Co.* v. *Upshaw,* 115 *Ga.* 688 (42 S. E. 82), and cit.; *Lane* v. *Williams,* 118 *Ga.* 167 (44 S. E. 993) ; *Anderson* v. *Daniel,* 137 *Ga.* 635 (73 S. E. 1051).

*Judgment affirmed. Sutton and Felton, JJ., concur.*