## 29467. JOHNSON *v.* THE STATE.

DECIDED APRIL 21, 1942.

J. A. Beazley, for plaintiff in error.

J. Cecil Davis, solicitor-general, contra.

MacINTYRE, J. The defendant was convicted of driving an automobile while under the influence of liquor. His sole exception, as stated in his brief, is to the refusal to grant a continuance.

"In all applications for continuances upon the ground of the absence of a witness, it shall be shown to the court that the witness is absent; that he has been subpoenaed; that he resides in the county where the case is pending; that his testimony is material; that such witness is not absent by the permission, directly or indirectly, of such applicant; that he expects he will be able to procure the testimony of such witness at the next term of the court; and that such application is not made for the purpose of delay, but to enable the party to procure the testimony of such absent witness; and must state facts expected to be proved by such absent witness." Code, § 81-1410. In this case the showing for continuance did not meet the above requirements. The showing was not complete in several essentials required. It was not shown that the absent witnesses had been subpoenaed or that they resided in the county of the trial. While the defendant testified that the witnesses were present at the scene of the alleged crime, to wit, driving an automobile while under the influence of liquor, and that he expected to prove by them that he was not drunk; yet he did not show that he had asked them or that they had told him what they would testify. He only knew that they were present at the com-

mission of the crime; thus the overruling of the motion for continuance was not error. *Tippins* v. *Slale, 46 Ga. App.* 812 (169 S. E. 318); *Smith* v. *State,* 170 *Ga.* 234 (152 S. E. 482); *Long* v. *State, 25 Ga. App.* 22 (102 S. E. 359); *Danzley* v. *State, 25 Ga. App.* 170 (102 S. E. 915); *Johnson* v. *Stale, 25 Ga. App.* 471 (103 S. E. 718); *Orr* v. *State, 63 Ga. App.* 352 (11 S. E. 2d, 102). The overruling of the motion for new trial was not error.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*