## 33841. GRIFFIN v. THE STATE.

DECIDED FEBRUARY 1, 1952—REHEARING DENIED MARCH 10, 1952.

*Floyd M. Buford, Lester F. Watson,* for plaintiff in error.
*O. L. Long,* contra.

MacINTYRE, P. J.   The defendant, W. A. Griffin, was convicted in the City Court of Macon under an accusation in two counts, charging him with receiving another into a house or hotel for the purpose of prostitution and assignation, and with appropriating money without consideration from the proceeds of a woman engaged in prostitution.   His motion for a new trial, based on

the usual general grounds and seven special grounds, was over-ruled and he excepted.

1. Where the absence of counsel for the defendant is due to his attendance upon another court without having applied for or obtained leave of absence, denial of a continuance is not an abuse of the trial court's discretion where it is shown that the defendant had knowledge that the situation was so circum-stanced as to render it probable that counsel would be engaged in another court at the time of the defendant's trial, and these circumstances were made known to the defendant prior to his employment of counsel who was absent. *Crawford* v. *Crawford,* 139 *Ga.* 68 (1) (76 S. E. 564); *Curry* v. *State,* 17 *Ga. App.* 377 (87 S. E. 685); *Loyd* v. *State,* 45 *Ga.* 57, 72. Special ground 1 is without merit.

2. In special ground 2 the defendant contends that "the court erred in refusing to grant a continuance because of the absence of a witness, Mrs. W. A. Stapleton. The defendant testified that the witness was not a resident of Bibb County and further that the last address he had was Unadilla, Georgia, Route 1. The record will disclose that she had moved from this address and that her whereabouts were unknown. The defendant testi-fied, "If they hadn't moved I would have found her this time and she would have come. . . I went to see if I could find her. Everybody would keep pointing me farther down the road. I talked to the sheriff at Cordele and he knew them well, but he didn't know just where they were located. . . I have no idea what her address is now." The defendant testified further, "There is lots of people that could swear that didn't take place or had the opportunity of seeing me. Mr. Revell and his wife lived prac-tically the same distance [as the witness, Mrs. Stapleton, did] across the hall." The trial court attached the following note to this ground of the motion for a new trial: "This certifies that the defendant used no witnesses upon this trial, although a num-ber of witnesses were sworn at the beginning of the trial for the defendant." The defendant did not meet the requirements of the law in his motion for a continuance as the witness was a non-resident of Bibb County and her address was unknown, and the court did not abuse his discretion in refusing the continuance. Code, §§ 81-1410, 81-1409; *Patton* v. *State,* 59 *Ga. App.* 871

(2 S. E. 2d, 511); *Howard* v. *State,* 26 *Ga. App.* 431 (106 S. E. 732); *Barlow* v. *State,* 24 *Ga. App.* 122 (99 S. E. 798); *Johnson* v. *State,* 67 *Ga. App.* 294 (19 S. E. 2d, 922); *Walker* v. *State,* 52 *Ga. App.* 108 (182 S. E. 524).

3. Where the defendant was being tried for a misdemeanor upon an accusation founded on an affidavit, not an indictment by a grand jury, it is not erroneous to allow one whose name did not appear on the accusation to testify on the trial of the defendant. *Martin* v. *State,* 73 *Ga. App.* 573 (10) (37 S. E. 2d, 411); *Abbott* v. *State,* 11 *Ga. App.* 43 (4) (74 S. E. 621); *Echols* v. *State,* 101 *Ga.* 531, 532 (29 S. E. 14). Special ground 3 is not meritorious.

4. In special ground 4 the defendant contends that "the court erred in not permitting counsel for the defendant to make a thorough and sifting cross-examination of State's witness, Mrs. W. E. McCord." Mrs. McCord had testified as to the bad reputation of the Glen Hotel operated by the defendant. On cross-examination counsel for the defendant asked about the reputation of several other hotels in the city and at that point the solicitor-general objected to further questions of the nature being posed on the ground that such evidence was irrelevant and immaterial, and the court sustained the objection. "It is true that 'the right of cross-examination, thorough and sifting, shall belong to every party as to the witnesses called against him' (Code, § 38-1705), and that a substantial denial of this right is good cause for the grant of a new trial . . [citing authorities]. However, the scope of the cross-examination of a witness rests largely within the discretion of the judge . . [citing authorities]. He may restrict the cross-examination to matters material to the issues . . [citing authorities]. He may also restrain useless and unnecessary repetition of questions which have been asked and fully answered . . [citing authorities]." *Clifton* v. *State,* 187 *Ga.* 502, 508 (2 S. E. 2d, 102). This ground is not meritorious.

5. Special ground 5 is without merit and is controlled by the authority cited in division 4 of this opinion.

6. The court conditionally admitted certain evidence, reserving its final ruling on the admissibility of such evidence until a later stage of the trial. It is not to be expected that the court will

bear the matter in mind and of his own motion exclude that which has been provisionally admitted. It is the duty of counsel objecting to the admission of such testimony to remind the court of the circumstances and to invoke a later and final ruling, if he so desires. *Mullis* v. *State*, 197 *Ga.* 550 (30 S. E. 2d, 99); *Thurman* v. *State*, 14 *Ga. App.* 543 (2) (81 S. E. 796). Special ground 6 is without merit.

7. In special ground 7, the defendant complains that the court erred in failing to charge the law of circumstantial evidence. The evidence is not entirely circumstantial in this case and it is not incumbent upon the court, in the absence of a request, to charge on circumstantial evidence under such circumstances. *Leonard* v. *State*, 17 *Ga. App.* 267 (86 S. E. 463).

8. The defendant contends in his brief that if it was not for such testimony of the said witness Mary Edna Gray, "the State would not have been able to make out a case for the offenses that . . [the defendant] was charged with committing," and the defendant says further that since this witness swore wilfully and knowingly falsely the jury should have disregarded her testimony. It is always solely for a jury to determine whether a witness has been impeached in fact. *Long* v. *State*, 127 *Ga.* 350, 355 (56 S. E. 444). The jury is the sole judge of the credibility of witnesses and whether a witness has sworn wilfully and knowingly falsely is a question for it alone to determine. In short, this witness's testimony will not be disregarded, as the jury seems to have exercised its right to believe the witness, and the evidence, therefore, authorized the verdict.

The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*