ordinary wear and tear and does not require the holder of an estate for years to restore premises injured by fire or extraordinary catastrophes or calamities. If the lessee had failed to restore the buildings the lessor could not have required it to do so and could not have recovered damages for its failure to restore. It is true that the lessee is not a volunteer in the strict use of the term but in the circumstances of this case it is in the category of a volunteer. The lessee failed to have inserted in the lease that rent was to cease in the event the premises were rendered untenable by reason of fire or other calamity. Naturally it had an interest in not paying rent on unremunerative premises, so presumably for that reason it elected to restore the premises to a usable condition. The fact that it did so, when it was under no obligation to do so, solely to protect its own interests, amounted to a windfall or gift to the lessor. Such action by the lessee did not destroy the lessor's claim under the insurance policy any more than it would have if the lessor had instituted an action on the policy before the lessee restored the buildings, as the rights of the parties were determinable as of the time of the damage by fire. There was not a fact, obligation or circumstance in this case which had the effect of destroying the insurance company's liability under its contract of insurance. The holding in *Universal Credit Co. v. Service Fire Ins. Co.*, 69 Ga. App. 357, 362 (25 SE2d 526), quoted in the motion for a rehearing, to wit, "In short, to sanction such recovery would be to allow him compensation twice for the one cause of action," does not fully disclose the meaning of the ruling in the case. We simply refer the reader to the facts of that case for the obvious distinction between the principles there and here involved.

*Rehearing denied.*

### 40136. WRIGHT v. THE STATE.

FRANKUM, Judge. The evidence authorized the conviction of the defendant. The sole special ground of the defendant's motion for new trial assigns error on the admission of certain testimony over objection. The record shows that the trial

judge, in ruling on the objection, reserved his decision until later in the trial. It does not appear that any further objection to this testimony was made or that the matter was thereafter called to the judge's attention. It was not incumbent upon the judge to bear the matter in mind and on his own motion exclude that which had been conditionally admitted. If counsel desired some further ruling, he should have invoked it by calling the matter to the court's attention. *Gibson v. State,* 178 Ga. 707, 708 (2) (174 SE 354); *Griffin v. State,* 85 Ga. App. 602, 604 (6) (69 SE2d 665). The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*

DECIDED MAY 21, 1963.

*Walter O. Allanson,* for plaintiff in error.

*William T. Boyd, Solicitor General, Frank S. French, Eugene L. Tiller,* contra.

## 39928. FOSTER v. KELLY.

FRANKUM, Judge. 1. The court will take judicial cognizance of who are the incumbents in State and county offices required by law to be commissioned by the Governor, and the signature of one who occupies such an office certifying as to the correctness of the copy of a document on file in his office is sufficient authentication of such copy so as to make it admissible in evidence. *Vickery v. Benson,* 26 Ga. 582 (1); *Harden v. Webster, Parmalee & Co.,* 29 Ga. 427, 428 (1); *Ponder v. Shumans,* 80 Ga. 505, 507 (2) (5 SE 502); *McMillan v. Savannah Guano Co.,* 133 Ga. 760 (3) (66 SE 943). The tax commissioners of the various counties are among those whose commissions are issued under executive seal. *Code* § 89-202.

2. Under the foregoing authorities, a copy of an application for an automobile license tag purportedly signed by the defendant as owner, which copy was certified over the signature of the tax commissioner of the county of the defendant's residence as being a true and correct one, and a copy of a tax return purportedly filed by the defendant and showing thereon as a