24264.   GREEN v. THE STATE.

Argued September 12, 1967—Decided September 21, 1967.

*R. H. Jones*, for appellant.

*George Hains, Solicitor General, Arthur K. Bolton, Attorney General, Marion O. Gordon, Assistant Attorney General, Mathew Robins, Deputy Assistant Attorney General*, for appellee.

NICHOLS, Justice.  John Green, Jr. was convicted of murder with a recommendation of mercy.  Thereafter his amended motion for new trial was overruled and the present appeal filed.

■  The first contention of the defendant to be dealt with concerns a demand for a list of the witnesses to be used against him in the trial of the case.  Following the testimony of the first witness for the State, counsel for the defendant objected to the State's using any witnesses other than three whose names appeared on the indictment upon the ground that the Act of 1966 (Ga. L. 1966, pp. 430, 431) amending *Code* § 27-1403 expressly prohibits the use of witnesses whose names are not furnished the defendant upon demand before arraignment without the defendant's consent.  In support of this motion counsel for the defendant testified that shortly after the indictment was returned (March term, 1966) he requested a copy of the indictment and list of witnesses from some ladies in the office of the solicitor general and was advised to discuss the matter with the solicitor general, and that shortly thereafter he received the copy of the indictment with the names of three witnesses thereon.  There was no further evidence of any demand for such a list of witnesses, although the trial court did, upon the question being raised after arraignment and during the trial of the case, recess court until such list was furnished the defendant.

Prior to amendment, *Code* § 27-1403 and the provision of the Constitution of Georgia upon which it was based, Art. I, Sec. I, Par. V (*Code Ann.* § 2-105), was held to mean a list of the witnesses who testified before the grand jury and not a list of the witnesses expected to be used by the State upon the trial of the case.  See *Britten v. State*, 221 Ga. 97, 99 (143 SE2d 176); *Echols v. State*, 101 Ga. 531 (29 SE 14); *Evans v. State*, 222 Ga. 392, 394 (150 SE2d 240); *Inman v. State*, 72 Ga. 269 (1).  Without deciding whether the amendment changed the requirements placed upon the State in a case where a proper demand is made,

it cannot be said that a request made of someone other than the solicitor general or an assistant solicitor general is a proper demand. Accordingly, this ground of the defendant's appeal shows no reversible error.

■ The defendant enumerates as error the admission of testimony by a police officer that the defendant admitted the shooting which resulted in the death of the deceased. The gist of such objection is that it was made without benefit of counsel and without the warnings held to be necessary in Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974). A separate hearing was held before the witness testified before the jury and it was there shown that the statement made by the accused was made voluntarily before he was arrested. Such evidence was properly admitted. See *Franklin v. State,* 114 Ga. App. 304 (151 SE2d 191), dealing with a similar incriminating admission and not a confession. In the case sub judice an officer called to the scene was directed to the defendant who voluntarily turned over the gun to the officer and admitted that he had shot the deceased. The defendant also made the same statement to the jury during the trial of the case. No error appears in the admission of such evidence.

■ During the trial of the case a police officer was called to testify but before he had more than identified himself counsel for the defendant objected to what he was going to testify. The court at this point made a ruling conditionally admitting the testimony of such officer and specifically giving the defendant the right to renew his objection if such evidence, not yet heard, proved inadmissible. The only objection made thereafter to such witness's testimony was directed to one answer as being hearsay and such objection was sustained. The original objection was not renewed, and on cross examination the evidence brought out on direct examination was again elicited from such witness. The admission of such evidence shows no reversible error. See *Moore v. State,* 193 Ga. 877 (20 SE2d 403) ; *Whippler v. State,* 218 Ga. 198, 204 (126 SE2d 744) ; *Thomas v. State,* 129 Ga. 419 (2) (59 SE 246) ; *Milligan v. Milligan,* 209 Ga. 14 (1) (70 SE2d 459).

■ The evidence showed without dispute that the defendant

shot and killed the deceased, and while it may have authorized the jury to return a verdict for a lesser crime it cannot be said that a verdict of murder was not authorized where there was evidence of ill feelings and threats by the defendant against the deceased and that the defendant first shot the deceased, who was sitting in his automobile, while standing on the driver's side of the automobile and then walked to the other side of the automobile and continued to shoot the deceased until seven or more bullets were shot into the deceased's body.

■ Enumerations of error numbered 7 and 8 not having been argued are considered as abandoned.

*Judgment affirmed. All the Justices concur.*